584 A.2d 902

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Edward Francis BROWNE, Jr., Appellant.**

Supreme Court of Pennsylvania.

Argued Oct. 25, 1990.

Decided Dec. 27, 1990.

J. Richard Gray, Lancaster, for appellant.

Henry S. Kenderdine, Dist. Atty., James J. Karl, Lancaster, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION OF THE COURT

PAPADAKOS, Justice.

This case involves the right to a prompt criminal trial under what is referred to as "Rule 1100," Pa.Rule of Criminal Procedure 1100. Under the provisions of former Pa.R.Crim.P. 1100(a)(2), which was in effect until December 31, 1987, when amended by this Court, and in effect at all times relevant hereto:

> Trial in a court case in which a written criminal complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed.

Subsection (c)(1) of Rule 1100 provided that:

> At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial.

Further, subsection (c)(3) of that Rule mandated that:

> Such motion shall set forth facts in support thereof, and shall be granted only upon findings based upon a record showing that trial can not be commenced within the prescribed period despite due diligence by the Commonwealth and, if the delay is due to the court's inability to try the defendant within the prescribed period, upon findings based upon a record showing the causes of the delay, and the reasons why the delay cannot be avoided.

The facts in the instant case are as follows: Appellant was charged by criminal complaint dated April 5, 1987, with Driving Under the Influence of Alcohol and two companion summary offenses under the Vehicle Code, Title 75 Pa.C. S.A. The complaint was actually filed with a district justice on April 6, 1987. For reasons not appearing of record, the complaint and summons were not mailed to Appellant-defendant until April 21, 1987. The *initial* date set by the

district justice for the preliminary hearing under Pa.R.Crim. P. 141 was June 17, 1987. Appellant then requested a continuance, and a new preliminary hearing date was set for July 1, 1987. The delay between the time of filing the complaint and the June 17, 1987, original hearing date was primarily due to the police schedule as to hours they were working and vacation days according to the findings of the Court of Common Pleas of Lancaster County (Memorandum Opinion of trial court, p. 1). Hence, seventy-two days of delay were attributable to the Commonwealth. The defense was responsible for the fourteen day delay between June 17 and July 1, 1987. The preliminary hearing was held as scheduled on July 1, 1987. No attorney for the Commonwealth entered an appearance in the proceedings at the district justice level, and no attorney for the Commonwealth was present at this preliminary hearing.

The district justice found a *prima facie* case and ordered the matter held over for the Court of Common Pleas. See Pa.R.Crim.P. 143. At the conclusion of the preliminary hearing, the district justice prepared and served on Appellant a document entitled "Notice of Arraignment," as is the practice in the judicial district comprised of Lancaster County. The Notice of Arraignment is signed by the district justice and indicates that Appellant "will be arraigned on Wednesday, the 30th day of September, 1987." (R., 4a). Appellant's signature also appears on the Notice of Arraignment, dated July 1, 1987, as as acknowledgement of his receipt thereof.

A transcript was forwarded by the district justice to the court, and the clerk of courts for Lancaster County received the same on July 8, 1987. Amongst the papers is the Notice of Arraignment to Appellant. Although the exact date of receipt is uncertain, the memorandum opinion of the trial court (at p. 2) indicates that the District Attorney's office is shown as receiving the yellow copy of the Notice of Arraignment at about the same time.

The judicial district comprised of Lancaster County employs a term system of criminal trials consisting of six (6)

annual terms of court, each being two weeks in duration. (Memorandum opinion of trial court, p. 2). The judicial district comprised of Lancaster County also employs a system of six (6) corresponding dates of "arraignment court," the term utilized on the calendar published by the court. (*Id.*). There was a two-week term of court commencing on September 8, 1987. (*Id.*) The next two-week term of court commenced on November 9, 1987. (*Id.*). The "arraignment court" date corresponding to the September, 1987, term of court was July 29, 1987. (*Id.*). The "arraignment court" date corresponding the the November, 1987, term of court was September 30, 1987.[1]

---

1. Consistent with Pa.R.Crim.P. 303, Lancaster County's Local Rule of Criminal Procedure No. 303 vests the power to *conduct* arraignments in the District Attorney's office. The local rule states:

 A. Arraignment shall be conducted by the District Attorney or his court approved designee, who shall be called the Arraignment Officer. Arraignment shall consist of calling the accused before the Arraignment Officer, identifying him, advising him of the charges in the information, furnishing him a copy of the information, and advising him of his right to counsel and of the time periods within which he may commence discovery, file an omnibus pre-trial motion and request a bill of particulars. A plea of not guilty shall be entered by the defendant unless he indicates at that time his intent to plead guilty.

 B. Arraignment shall take place at least thirty (30) days before trial, unless a defendant and his counsel agree to an earlier trial date.

 C. A defendant and his counsel may waive arraignment and enter a plea of not guilty by filing a written waiver of arraignment on a form prescribed by the District Attorney and approved by the court.

 Appellant's brief alleges (at pp. 8–9 thereof) (and the allegations stand unrefuted) that the key to this case lies in the *de facto* power of the Lancaster County District Attorney over the *scheduling* of arraignments as well.

 Although the published court calendar contained scheduled mass arraignment dates of July 29, 1987, for cases to be listed during the September Term, and September 30, 1987 for cases to be listed during the November Term, Appellant asserts that it was conceded by the District Attorney himself at oral argument before the Superior Court that arraignments are scheduled by him and conducted by him outside of these regularly scheduled "Arraignment Courts." In addition, although a "Notice of Arraignment" is served by the district justice upon a defendant after the preliminary hearing, the trial court in this case found that: "It is unclear from the evidence which office, District Attorney or District Justice assigns the date of arraignment." (Memorandum opinion of trial court, p. 2). In fact, argues Appellant, the

By virtue of the system summarized above, trial of a defendant whose arraignment was scheduled for July 29, 1987, could have occurred no earlier than September 8, 1987. Likewise, trial of a defendant (like Appellant), whose arraignment was scheduled for September 30, 1987, could have occurred no earlier than November 9, 1987.

The 180 day period for commencing trial under Rule 1100, excluding the fourteen day delay indisputably attributed to Appellant, would have expired on October 18, 1987, a date between the two terms of court as summarized above. Hence, because Appellant was scheduled to be arraigned on September 30, 1987, his trial could not have commenced until November 9, 1987, at the earliest—well beyond the October 18, 1987 "run date" under Rule 1100.

On August 5, 1987, the Commonwealth filed an information against Appellant. See, Pa.R.Crim.P. 225. On August 31, 1987, the Commonwealth filed a timely Petition for Extension of Time for Commencing Trial, to which Appellant filed an Answer on October 1, 1987. A hearing on the petition was eventually held on November 2, 1987, at the conclusion of which the trial court denied the same. On

Commonwealth's Brief in the Superior Court suggested that there existed a "cut-off date" supplied to the district justices in Lancaster County By the District Attorney such that, for example, cases in which preliminary hearings were held prior to July 1, 1987 were to be assigned a July 29, 1987 arraignment date, while cases in which preliminary hearings were held on or after July 1, 1987 were to be assigned an arraignment date of September 30, 1987. The reason behind this "cut-off date" system devised by the District Attorney becomes apparent, asserts Appellant, when one considers the fact that in Lancaster County it is the District Attorney who prepares and publishes both the list of defendants to be arraigned at Arraignment Court and the list of cases to be tried during the corresponding trial term. Thus, Appellant argues that it is for his own convenience in preparing those lists that the District Attorney assigns "cut-off dates." In view of such power of control that resides with the District Attorney, Appellant argues that the Superior Court conclusion that the delay here was caused by the district justice and the scheduling policies and practices of the Court of Common Pleas amounts to nothing more than sophistry. In view of our disposition of this appeal below, it is unnecessary to comment on this argument of Appellant, but it is obvious that Appellant's contentions provide a lucid explanation of what happened in the instant case consistent with the District Attorney's extensive responsibilities under Local Rule 303.

November 23, 1987, Appellant filed a Motion to Dismiss pursuant to Pa.R.Crim.P. 1100. The court entered an order on November 23, 1987, granting said motion and dismissing the charges.

It is from the order of November 23, 1987, that the Commonwealth filed an appeal to the Superior Court. The Superior Court, in a memorandum opinion, reversed the trial court on the grounds that the Commonwealth was not guilty of performing with a lack of due diligence, and was not responsible for the delay caused by the district justice's scheduling of the arraignment since the Commonwealth is not generally responsible for or charged with derelictions on the part of other "agencies" within the criminal justice system. The Superior Court relied on *Commonwealth v. Monosky*, 511 Pa. 148, 511 A.2d 1346 (1986), in reaching their conclusion. Judge Montemuro dissented.

We granted allocatur based on a continuing review of our appellate docket, because, blatantly put, we have become concerned that the Superior Court is more and more inclined to accept any and every excuse for failure to bring a criminal case to trial within the period prescribed by Rule 1100, and that this case presented the opportunity to prevent further emasculation of Rule 1100. For the reasons set forth below, we reverse.

Under Rule 1100, the Commonwealth must act with "due diligence" to bring a criminal defendant to trial. "When a case has possible Rule 1100 problems, prosecutors must do everything reasonable within their power to see that the case is tried on time." *Commonwealth v. Smith*, 477 Pa. 424, 428, 383 A.2d 1280, 1282 (1978). See also, *Commonwealth v. Polsky*, 493 Pa. 402, 426 A.2d 610 (1981). The test to be met is whether the Commonwealth's efforts to bring the defendant to trial were reasonable and pursued with diligence. *Commonwealth v. Koonce*, 511 Pa. 452, 515 A.2d 543 (1986). Here the test of due diligence was not met. The Commonwealth argues:

In conjunction with the term system of criminal court as herein described and in conjunction with the system

whereby the district justices notify defendants as to which arraignment they are to report, it would be unduly harsh to require the office of the district attorney to monitor cases being returned to the court by the district justices in order to unearth "problem cases" under Rule 1100 occasioned by the arraignment date given to defendants by the district justices....

(Appellee's brief, p. 6).

 The argument is sheer nonsense. Particularly in light of the Lancaster County District Attorney's heavy responsibility under Local Rule 303 (with respect to conducting arraignments) (see footnote 1 above), it is not unreasonable or erroneous to expect the District Attorney's Office to track arraignment dates on a routine basis to determine whether prosecution under Rule 1100 is thereby jeopardized. That office and those like it must, to be diligent, have simple systems in place to carry out the routine duties of the office. Sound reason requires no less. It would be easy to maintain a diary book where the relevant dates in a given prosecution could be promptly entered and checked against the Rule 1100 run date as a matter of course. Practicing lawyers must maintain docket books to make sure that they appear in court on the right date, file pleadings on time, complete discovery in a timely fashion, and do not run afoul of statutes of limitation. No less is required of a properly administered district attorney's office. Here, the District Attorney's Office "blew it" and they did so because a routine diary or docket system was apparently not in place. That constitutes a failure to exercise due diligence. It has been held that "due diligence" imposes the obligation on the government to "read its mail and respond intelligently." *United States v. Salzmann*, 417 F.Supp. 1139, 1155 (D.C.E.D.N.Y., 1976). We hold that due diligence likewise imposes on the government the duty to employ simple recordkeeping systems in circumstances such as this. Unlike *Commonwealth v. Monosky*, supra, the delay here was not the fault of the minor judiciary (the district justice), but must be fully attributed

to the district attorney's office itself. Hence, Rule 1100 was violated, and we hold that the trial court was correct in dismissing the charges against Appellant.

The decision of the Superior Court reversing the trial court must be, and the same is hereby, reversed.

McDERMOTT, J., did not participate in the consideration or decision of this matter.

ZAPPALA, J., joins the Majority Opinion and files a Concurring Opinion.

LARSEN, J., files a dissenting opinion.

CAPPY, J., dissents.

ZAPPALA, Justice, concurring.

While I wholeheartedly join in the majority opinion, I write separately to express my unfeigned consolation that once again there is vitality to Pa.R.Crim.Pro. 1100 and that, perhaps, reports of its demise in this Commonwealth have been greatly exaggerated. *See, Commonwealth v. Bond,* 516 Pa. 171, 532 A.2d 339 (1987) (Zappala, J., dissenting); *Commonwealth v. Koonce,* 511 Pa. 452, 515 A.2d 543 (1986) (Zappala, J., dissenting); *Commonwealth v. Monosky,* 511 Pa. 148, 511 A.2d 1346 (1986) (Zappala, J., dissenting); *Commonwealth v. Terfinko,* 504 Pa. 385, 474 A.2d 275 (1984) (Zappala, J., dissenting); *Commonwealth v. Manley,* 503 Pa. 482, 469 A.2d 1042 (1983) (Zappala, J., dissenting); *Commonwealth v. Green,* 503 Pa. 278, 469 A.2d 552 (1983) (Zappala, J., dissenting); *Commonwealth v. Crowley,* 502 Pa. 393, 466 A.2d 1009 (1983) (Zappala, J., dissenting). It should come as great solace to the defense bar of this Commonwealth that the rule has been resurrected.

I must also specifically concur in the accurate statement of the majority that the former demise of the rule was greatly hastened by a Superior Court which "is more and more inclined to accept any and every excuse for failure to bring a criminal case to trial within the period prescribed by Rule 1100". At p. 89–90. The purpose of the rule cannot

be advanced if we continuously make excuses for the failure to enforce it. It is for these reasons that I strongly concur in the great stride made by the majority today in recognizing this fact.

LARSEN, Justice, dissenting.

I dissent and would affirm on the basis of the Memorandum Opinion filed by the Superior Court of Pennsylvania and which is attached hereto.

APPENDIX

Commonwealth of Pennsylvania, Appellant

v.

Edward Francis Browne, Jr.

In the Superior Court of Pennsylvania

Philadelphia Office

No. 03516 Philadelphia 1987

Nov. 17, 1988.

Appeal from the Order of the Court of Common Pleas, Lancaster County, Criminal Division, at No. 1331 of 1987.

BEFORE: CAVANAUGH, BROSKY, and MONTEMURO, JJ.

MEMORANDUM:

This is an appeal by the Commonwealth from an order of the Court of Common Pleas of Lancaster County granting appellee's motion to dismiss the charge of driving under the influence of alcohol, pursuant to Pa.R.Crim.P. 1100.

The Commonwealth contends that the trial court erred in denying its petition for extension of time for commencing trial as the District Attorney exercised "due diligence." The Commonwealth asserts that appellee's trial did not commence within the period proscribed under Pa.R.Crim.P. 1100 because of a local rule of court regarding the scheduling of arraignments and court dates.

The trial court held for appellee. We, however, disagree and now, respectfully reverse the trial court's decision.

Appellee was charged, on April 5, 1987, with Driving Under the Influence of Alcohol occurring April 4, 1987. This was filed April 6, 1987 with the issuing authority. On April 21, 1987, the Complaint was sent to appellee by certified mail.

The initial date set by the district justice for the preliminary hearing was June 17, 1987. Appellee requested a continuance and a new preliminary hearing date was set for July 1, 1987. No attorney for the Commonwealth entered an appearance in the proceedings at the district justice level, nor was an attorney for the Commonwealth present at the July 1st preliminary hearing.

The district justice, finding a prima facie case, ordered the matter bound over to the court of common pleas. After the preliminary hearing, the district justice prepared and served on appellee a "Notice of Arraignment", as is the practice in Lancaster County. The Notice of Arraignment indicated that appellee would be arraigned on September 30, 1987.

The relevant papers were received and filed by the Clerk of Courts on July 8, 1987. Among the papers was the Notice of Arraignment, dated July 1, 1987. The District Attorney's Office was shown to have received a copy of the Notice of Arraignment.

The judicial district comprised of Lancaster County employs a term system of criminal trials consisting of six terms of court each being two weeks in duration. The judicial district also employs a system of six corresponding dates of "arraignment court". There was a term of court commencing on September 8, 1987, whose corresponding "arraignment court" date was July 29, 1987. The next term of court commenced on November 9, 1987, and had as its corresponding arraignment date, September 30, 1987. Thus, because appellee's arraignment was set for September 30, 1987, his trial could not have commenced prior to

November 9, 1987. The 180 day period for commencing trial under Pa.R.Crim.P. 1100, excluding any delay attributed to appellee, would have expired on October 18, 1987, or between the two terms of Court.

On August 31, 1987 the Commonwealth petitioned for an extension of time under Rule 1100. Appellee filed an answer to said petition and a hearing was scheduled for October 5, 1987, but was continued to November 2, 1987. The Petition for Extension of Time was denied, and on November 23, 1987 appellee filed a Motion to Dismiss under Rule 1100, which was granted by the trial court. The Commonwealth now appeals.

Under Pa.R.Crim.P. 1100(c)(3), the Commonwealth is entitled to an extension of time within which to commence trial if the trial cannot be commenced within the prescribed 180 day period, despite due diligence by the Commonwealth and, if the delay is due to the Court's inability to try the defendant, within the prescribed period. It is the Commonwealth's burden to prove prosecutorial due diligence by a preponderance of the evidence. *Commonwealth v. Ehredt,* 485 Pa. 191, 401 A.2d 358 (1981). The standard of due diligence demands that the Commonwealth make a reasonable effort, not that every conceivable effort be made. *Commonwealth v. Colon,* 317 Pa.Super. 412, 464 A.2d 388 (1983). Furthermore, the test for determining whether the Commonwealth acted with due diligence is one of reasonableness under the circumstances. *Commonwealth v. Williams,* 317 Pa.Super. 456, 464 A.2d 411 (1983).

Instantly, it was the district justice who set the date for the arraignment. While the Commonwealth received notice of the arraignment date, no one from the Commonwealth was even present when that date was selected. It is unclear from the record exactly *how* the district justice chose the arraignment date that it did; however, our concern here is with the Commonwealth's due diligence.

In *Commonwealth v. Monosky,* 511 Pa. 148, 511 A.2d 1346 (1986), the court did not hold the Commonwealth responsible for a delay caused by the district justice's

failure to timely file the necessary papers with the Clerk of Courts. However, it must be noted that in *Monosky*, there was no proof that the Commonwealth had knowledge of or took part in the case. Instantly, the Commonwealth was made aware of the charges and the date of the arraignment some two to three weeks prior to the end of the "arraignment court" session ending on July 29, 1987. Thus, we must decide the extent of the Commonwealth's duty to track incoming cases for potential problems such as this and fashion an appropriate remedy.

In our analysis, we find no cases to be directly on point, especially in view of the particular system for trials employed by Lancaster County. Therefore, we will look for guidance to somewhat analogous situations. In *Commonwealth v. Colon*, supra, the failure of the warrant service unit to serve a bench warrant on the defendant, resulting in defendant's failure to appear for trial, did not reflect a lack of due diligence on the part of the Commonwealth.

Similarly, in *Commonwealth v. Harris*, 315 Pa.Super. 544, 462 A.2d 725 (1983), the failure of the Commonwealth to attempt to have the case relisted for trial between the date of the administrative error on the part of the Trial Coordinator and the extension deadline, was not a lack of due diligence by the Commonwealth.

And, in *Commonwealth v. Lewis*, 287 Pa.Super. 64, 429 A.2d 721 (1981), the Commonwealth did not fail to act with due diligence where the court administrator failed to recall the case and rescheduling resulted in a trial date beyond the run date. Thus, in all of these cases it was the failure on the part of one of the elements of the "system", other than the District Attorney's office, which caused the delay. Consequently, the District Attorney's office was not held to be responsible for these other agents, nor was it penalized for their actions.

The case which we find to be most closely analogous, however, is *Commonwealth v. Lamb*, 309 Pa.Super. 415, 455 A.2d 678 (1983). There, the Commonwealth petitioned for an extension under Rule 1100 alleging that, despite due

diligence, the Commonwealth would be unable to try the defendant within the prescribed period because the trial list for the June term was such that the case could not be scheduled. The petition requested that the time be extended through the commencement of the next criminal trial term which was the following September 17th, beyond the Rule 1100 rundate. The court in *Lamb* began its analysis by quoting from *Commonwealth v. Mayfield,* 469 Pa. 214, 364 A.2d 1345 (1976).

> [T]he trial court may grant an extension under rule 1100(c) only upon a record showing: (1) the due diligence of the prosecution, and (2) the certification that the trial is scheduled for the earliest date consistent with the court's business; provided that if the delay is due to the court's inability to try the defendant within the prescribed period, the record must also show the cause of the court delay and reason why the delay cannot be avoided. *Id.,* 469 Pa. at 222, 364 A.2d at 1349–1350.

*Commonwealth v. Lamb,* supra, 309 Pa.Superior Ct. at 422, 455 A.2d at 682. In concluding that the Commonwealth's petition was properly granted, the Court stated:

> We believe that the Commonwealth adequately met its burden of proving due diligence by: (1) filing the petition to extend the time within which to commence trial well within the 180 day period; (2) entering into the stipulation with counsel for appellant that each of the criminal cases that were tried in the May and June 1979 terms of criminal court, the last terms of criminal court before the term commencing September 17, 1979, had Rule 1100 rundates which would have expired prior to the rundate in the instant case; and (3) representing to the court that the Commonwealth was able to go to trial prior to the expiration of the 180 day period but was unable to do so by reason of the unavailability of any criminal trial terms prior to the expiration of the rundate. The due diligence of the Commonwealth is implicit in the text of the stipulation which demonstrates that the instant case simply could not have been scheduled any earlier than the next

available criminal trial to commence in September, without delaying other cases, all of which had earlier Rule 1100 rundates. We further believe that the nature of this stipulation, together with the action of the court in taking judicial notice of the criminal trial calendar in a one judge county, made sufficiently clear both the cause of the trial delay as well as the reason why the delay could not be avoided in a fashion as to satisfy the *Mayfield* test. *Id.*, 309 Pa.Superior Ct. at 423–424, 455 A.2d at 683. Instantly, while we have a timely petition from the Commonwealth, we lack a stipulation as was made in *Lamb.* We, however, do not find the lack of a stipulation to be fatal to our analogy. Here, there is absolutely no dispute that, given the September 30th arraignment date, there was no possibility that appellee's trial could have been held before the November trial term. Even the trial court stated that it was simply a matter of changing *the arraignment date.* (Trial Court Opinion at 3). However, as we discussed earlier, it was the *district justice* who scheduled the arraignment date. Even though the Commonwealth was sent notice of the date of the September arraignment before the July 29th arraignment term ended, we will not condemn the Commonwealth for not acting as "watchdog" over the actions of the district justice, just as we have not held the Commonwealth responsible for derelictions on the part of other agencies within the system. See discussion of *Colon, Harris* and *Lewis,* supra.

The Commonwealth did file a timely Petition for Extension of Time which listed the next possible trial term. This, along with the acknowledgement by all concerned that the September 30th arraignment date was the reason for the tardiness of the trial date, is sufficient to satisfy the test of *Commonwealth v. Mayfield,* supra. Accordingly, we reverse the order in question and remand this case to the trial court for reinstatement of the charges against appellee.

Order reversed. Case remanded. Jurisdiction relinquished.

MONTEMURO, J., files a dissenting memorandum.