## Commonwealth v. Case

*Patrick Noonan, assistant district attorney,* for the Commonwealth.
*Cheryl Peck,* for defendant.

CARUSO, *J.,* June 13, 1991—This matter is before the court as the result of a motion to dismiss filed by defendant based upon an alleged violation of the requirements of Pennsylvania Rule of Criminal Procedure 1100. The complaint was filed against defendant on March 13, 1990. A continuance of the preliminary hearing was requested by the defense. The preliminary hearing was held on April 24, 1990. A criminal information was filed by the Office of the District Attorney on May 16, 1990. The formal court arraignment of defendant was held on May 25, 1990. Based upon these facts the parties have stipulated that the run date under Rule 1100 was April 9, 1991, at least prior to the February call of criminal cases for the March term of criminal court.

Rule 1100 of the Rules of Criminal Procedure requires that a defendant who is released on bail be

brought to trial no later than 365 days from the date upon which the complaint is filed. The rule also provides that after the expiration of 365 days the defense may apply to the court for an order dismissing the charges with prejudice on the ground that the rule had been violated. The rule further provides that the court hold a hearing on said application. At said hearing, if the court determines that the Commonwealth exercised due diligence and that the circumstances occasioning the postponement were beyond the control of the Commonwealth, then the motion would be denied and the case listed for trial at a date certain. If, however, it is determined that the Commonwealth did not exercise due diligence then the court shall dismiss the charges and discharge the defendant.

At this point it is pertinent to explain what occurs in the system of scheduling criminal cases for trial in Westmoreland County. The court administrator of Westmoreland County places all information it has about the case on a card that is kept in the administrator's office. This information is initially obtained from the transcript returned to the court by the district justice. This card initially contains the name of the defendant, the charges against the defendant, the complaint date and the court arraignment date. It is from these cards that the criminal trial lists are eventually prepared.

Historically, the court calendar is arranged so that jury trials are conducted the first two weeks of each month. Criminal jury trials are held during the months of January, March, May, July, September, and November. Civil jury trials are generally held during the other months. Although this is generally the time set aside for civil trials, it does occur that criminal trials are conducted during the civil terms. As a result of the ever-increasing volume of criminal

cases, the court has found it necessary to devote more and more time to the trial of criminal cases. For example, in 1990 it was necessary for the court to delete completely one term of civil court and use the time for the trial of criminal cases. Then, in 1991, when the court calendar was prepared, the months referred to above were designated as criminal terms and the remaining months were designated as civil/criminal. This was done to give notice to the bar that these months may be used for the trial of criminal cases as well.

In the weeks immediately preceding each court term presently designated as only a criminal term the court conducts a call of the cases in order to determine their status. However, all of the cases that appear on the cards in the administrator's office are not called at that time. This is because the call of the list would then be unrealistically long. At each of these calls, the administrator lists approximately three to four hundred cases to be called. In order to devise a system by which cases may be prioritized and placed upon the list of cases to be called, the court has promulgated a local rule of criminal procedure, Rule WC-1100. This rule states the following:

"(1) To effectuate the orderly administration of the criminal justice system, all criminal homicide cases shall be given priority on the criminal trial list by the court administrator.

"(2) In all other cases where the run date under Pennsylvania Rule of Criminal Procedure 1100 will expire prior to the commencement of the next term of criminal court, the court administrator will schedule the cases for trial on the current criminal trial list based on the following:

"First: Priority shall be given to cases where the defendant is not free on bond.

"Second: Priority shall be given to the cases involving the most serious charges. The seriousness of the charges shall be determined by the numerical designation given to the charges under the sentencing guidelines.

"Third: Priority shall be given to the cases with the earliest date on the criminal complaint."

Because of the large volume of cases, the instant case was not called for trial until December 1990, for the criminal trial term that was to be held in January 1991. The case was called and reported ready for trial. The case was not reached during that term of criminal court.

At the end of each term of criminal court, there is conducted what has come to be known as an "exit call." This is done for the purpose of reviewing the trial list to determine which of the cases that were listed for trial were not reached and the reasons that the cases were not assigned to a courtroom for trial.

An "exit call" was held at the end of the January 1991 criminal trial term. The reason given by the Court Administrator's Office for not reaching the instant case, along with many others, was that although there were courtrooms open on that day, the individual calendars of the judges did not permit the calling of any cases on that day that would extend into the following week. For that reason, the court entered an order to continue the subject case to the next term of criminal court that was to take place in March.

On February 15, 1991, the court again held a call of the list of cases that were to be placed for trial during the March term of criminal court. The instant case was called by the court. At that time, the assistant public defender present at the call requested that this case be moved to a miscellaneous list of cases for the purpose of conducting a confer-

ence to determine its status. A status conference was held on March 11, 1991, before the Honorable Donetta W. Ambrose. This date was the first day of the second week of the criminal term. At the conference, the attorney for defendant advised the court, in the presence of defendant, that she "spoke to the defendant earlier and he indicated he wanted to plead. But, today he changed his mind. . .." The court then directed that this case remain on the March 1991 trial list.

Again, this case was not reached. At the end of the term, an "exit call" was conducted. The reason given by the court administrator for not reaching this case, as well as many others, was that none of the judges were available to take a case that would extend into the next week as a result of their court calendars.

Subsection (c) of Rule 1100 provides that certain periods of time are to be excluded from the calculation of the 365-day time period. The following periods of time are to be excluded from such calculations:

"(1) The period of time between the filing of the written complaint and the defendant's arrest; provided that the defendant could not be apprehended because his whereabouts were unknown or could not be determined by due diligence;

"(2) Any period of time for which the defendant expressly waives Rule 1100;

"(3) Such period of delay at any stage of the proceedings as resulted from:

"(i) the unavailability of the defendant or his attorney;

"(ii) any continuance granted at the request of the defendant or his attorney."

In the present case the only provision regarding excludable time that would be applicable is (3)(ii)

above. The whereabouts of defendant were known, defendant did not expressly waive Rule 1100 and defendant was always available. Defendant did request a continuance of his preliminary hearing thereby causing the run date to be extended to April 9, 1991. Thereafter another circumstance, that this court believes was in effect a request for a continuance by defendant, occurred on February 15, 1991, when the defense counsel requested that the case be taken from the trial list and scheduled for a status conference. The excludable time, as a result of this action on the part of defendant, was 23 days, causing the run date to be extended to May 2, 1991. The matter was actually called for trial on May 9, 1991. Although the run date was extended, this does not change the obligation of the district attorney to see that the case is brought to trial before the time required under Rule 1100 expires. It is obvious that the district attorney was not tracking the run date in this particular case.

At the call of the list held on February 15, 1991, when the request for a status conference was made by the defense, no information was given to the court or the Court Administrator's Office that the instant matter had to be tried on or before April 9, 1991.

It would appear that the attorney for the Commonwealth, in attendance at the status conference held on March 11, 1991, should have been aware that the run date for this case was then either April 9, 1991, or May 2, 1991, under Rule 1100. However, no information concerning the status of the time period under Rule 1100 was given to the court or the court administrator at that time. Therefore, at the time the case was placed back on the trial list on March 11, 1991, no attempt was made to give the case any priority. At the time of the "exit call" held

on March 15, 1991, no information was given to the court or the Court Administrator's Office that there existed any problem under Rule 1100 in the subject case. After the March term of criminal court and before the April term of civil/criminal court, no information was given to the Court Administrator's Office that there was a Rule 1100 problem with the subject case. Further, there was no request by the Office of the District Attorney that the subject case be listed for trial during the April term. Then, at the call of the trial list for the May term of criminal court there was no information given to the court or the Court Administrator's Office that the case had to be tried before May 2, 1991.

It is without question that the Commonwealth was ready to try this case at any time that it would have been called. The Commonwealth asserts that the court controlled the docketing of criminal cases and, therefore, if the prosecutor was at all times ready for trial, there was no lack of due diligence on the part of the Commonwealth, but rather excusable judicial delay on the part of the court. However, at a time when it was necessary to act in order to prevent the time period under Rule 1100 from expiring, the Commonwealth failed to act.

Further, although it is true that the criminal case trial list is prepared by the Court Administrator's Office, and to that extent it exercises control of the criminal docket, it is not now nor has it ever been the responsibility of the court administrator to keep track of Rule 1100 problems. This is with good reason. First of all, the court administrator may not have nor may it be given all of the information it would need to keep track of such problems. More importantly, the determination of a run date under Rule 1100 requires legal determinations that lay clerks in the administrator's office cannot and

should not make. Thus if the Commonwealth has been relying on the Court Administrator's Office, this reliance has been misplaced.

The Commonwealth argues that any delay that took place was beyond its control and, therefore, it at all times acted with due diligence. This argument may have some application to what occurred prior to the call of criminal cases heard on February 15, 1991; however, it is not an argument that can be applied to the failure of the Commonwealth to ask the court to give special attention to this case during the March, April, or May terms of court.

In its argument the Commonwealth seems to cast blame for what has occurred in this case upon the system. The court has attempted to establish an orderly system by developing a method of case prioritization under Local Criminal Rule of Procedure WC-1100. If a case has a problem that the current prioritization established by the court does not address, it is the obligation of the Office of the District Attorney to bring the situation to the attention of the court. The District Attorney's Office is a vital part of the system that it now condemns. The Court Administrator's Office has the responsibility to provide courtrooms and judges for the trial of cases. It also has the responsibility of preparing lists of cases to be tried, for the information of the court and the district attorney. However, as previously explained, it is not the responsibility of the court administrator to ferret out the cases that may have Rule 1100 problems, but rather that is the responsibility of the District Attorney's Office.

It is the failure of the Commonwealth to have kept track of the run date under Rule 1100 and the failure to have brought a possible problem under Rule 1100 to the attention of the court that establishes the lack of due diligence on the part of the Commonwealth in

this case. If such a problem had been brought to the attention of the court, or the Court Administrator's Office, and if the court had failed to have the matter timely scheduled for trial, such a circumstance could not establish a lack of due diligence on the part of the Commonwealth. It is, however, the duty of the Commonwealth to maintain a diary book where the relevant dates in a given prosecution should be entered and checked against the Rule 1100 run dated as a matter of course. The Supreme Court of Pennsylvania has imposed on the Commonwealth the duty to employ such a record-keeping system. The failure to keep such a book has been determined by the Supreme Court of Pennsylvania to constitute a failure to exercise due diligence. *Commonwealth v. Browne,* 526 Pa. 83, 584 A.2d 902 (1990).

Thus, this court finds that the Commonwealth failed to exercise due diligence in this case in order to have the case brought to trial within the time period prescribed under Rule 1100. The court shall, therefore, enter an order dismissing the instant charges with prejudice on the ground that Rule 1100 has been violated.

## ORDER OF COURT

And now, June 13, 1991, in accordance with the foregoing decision, it is hereby ordered and decreed that the charges in the criminal information filed on May 16, 1991, are dismissed with prejudice.