600 A.2d 992

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Charles Richard BRETER.**

Superior Court of Pennsylvania.

Argued Nov. 19, 1991.

Filed Jan. 7, 1992.

James K. Vogel, Asst. Dist. Atty., Erie, for Com., appellant.

Richard P. Gilmore, Waterford, for appellee.

Before BECK, TAMILIA and HESTER, JJ.

TAMILIA, Judge:

The Commonwealth appeals from the March 8, 1991 Order which granted appellee, Charles R. Breter's, motion to dismiss for lack of a speedy trial in accordance with Pa. R.Crim.P. 1100, Prompt trial.

On January 25, 1990, appellee was arrested and charged with endangering the welfare of his two minor children.[1] Because the Commonwealth experienced difficulty securing their witnesses, the case against appellant was twice continued at the request of the district attorney. Thereafter, in October 1990, with full knowledge of appellee's prior assault conviction, the Commonwealth urged appellee to file an ARD (Accelerated Rehabilitative Disposition) application which the Commonwealth summarily denied four months later solely on the basis of appellee's prior conviction. Because the Commonwealth chose not to dispute the afore-

1. 18 Pa.C.S. § 4304.

mentioned averments at the hearing during which appellee's motion to dismiss was argued, the court accepted the statements contained in the motion as fact. The court found the Commonwealth's request for an ARD application was nothing more than a delay tactic designed to relieve an overburdened trial schedule. Therefore, the court granted appellee's motion to dismiss filed more than 365 days after his January, 1990 arrest. *See* Pa.R.Crim.P. 1100(a)(3).

The Commonwealth contends the court erred by including in the 365–day period under Rule 1100 the four-month period during which the Commonwealth deliberated the appellee's ARD application. The Commonwealth argues the appellee expressly waived his right to a speedy trial, guaranteed by Pa.R.Crim.P. 1100, when he applied for ARD on October 23, 1990. Specifically, the language of the application signed by the appellee included the following clause:

> I hereby waive (give up) all of my constitutional rights to a speedy trial as set forth from the date I sign this Application until I either complete the ARD Program or am revoked from it, should I violate the conditions the Court imposes on me. In the event my Application for ARD is denied, I waive (give up) all of my constitutional rights to a speedy trial as set forth above from the date I sign this Application until the last scheduled day of the term of Criminal Court next following the date of my rejection. I have been advised and I understand that by signing this waiver I am waiving (giving up) any and all rights I may have to be tried within the 180th (if in jail) or 365th day following the filing of the Criminal Complaint against me. I am signing the waiver because I understand it is to my benefit to do so and to allow the District Attorney as much time as necessary to evaluate my suitability for the ARD Program. I have not been made any promises, nor have I been forced or coerced to sign this waiver.

Although at first blush the Commonwealth's argument appears irrefutable, the facts as set forth supra indicate the Commonwealth did not meet its burden of proving it had

been duly diligent in bringing appellant to trial within the 365–day period mandated by Pa.R.Crim.P. 1100(a)(3). The test to be met is whether the Commonwealth's efforts to bring the defendant to trial were reasonable and pursued with diligence. *Commonwealth v. Browne*, 526 Pa. 83, 584 A.2d 902 (1990). The record reflects the Commonwealth's actions were unreasonable and unexplained, if not totally unprofessional. We agree with the trial court's finding, under the particular circumstances presented, the four-month period of time during which the Commonwealth avers it considered the appellee's ARD petition was properly attributed to the Commonwealth. Therefore, the court's Order granting appellee's motion to dismiss was proper.

Order affirmed.