J-S76018-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| QASHIME WAGNER | |
| Appellant | No. 1547 EDA 2017 |

Appeal from the PCRA Order Entered April 20, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at Nos.: CP-51-CR-0005678-2011; and
CP-51-CR-0010755-2011

BEFORE:  PANELLA, STABILE, and PLATT,[*] JJ.

MEMORANDUM BY STABILE, J.:                **FILED FEBRUARY 22, 2018**

Appellant Qashime Wagner appeals from the April 20, 2017 order of the Court of Common Pleas of Philadelphia County, which denied without a hearing his request for collateral relief under the Post Conviction Relief Act (the "Act"), 42 Pa.C.S.A. §§ 9541-46.  Upon review, we vacate and remand for further proceedings.

Briefly, on April 27, 2011, Appellant along with his co-defendants, Mario Mitchell and Terrance Cooper, was charged with robbery and relates offenses at docket number 5678-2011 ("First Case").  On June 13, 2011, Appellant was charged with robbery and related offenses at docket number 10755-2011

_____

[*] Retired Senior Judge assigned to the Superior Court.

("Second Case"). The cases were consolidated for trial. Prior to trial, on June 20, 2012, Appellant filed Pa.R.Crim.P. 600(G) motions,[1] seeking to dismiss with prejudice the charges filed against him in both cases. The trial court, however, failed to dispose of the Rule 600 motions and the cases proceeded to a jury trial, following which, on June 3, 2013, Appellant was found guilty of two counts of robbery and conspiracy to commit robbery. On August 1, 2013, the trial court sentenced Appellant to a concurrent term of six to fifteen years imprisonment on the robbery charges and a concurrent five to ten years' imprisonment for conspiracy. Appellant's aggregate sentence was six to fifteen years' imprisonment. Appellant timely filed a direct appeal to this Court. The trial court directed Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Appellant complied, challenging, *inter alia*, the trial court's failure to decide his Rule 600 motions. In response, the trial court issued a Pa.R.A.P. 1925(a) opinion, concluding that Appellant's Rule 600 motions were without merit. On appeal, Appellant did not raise the Rule 600 issue. Indeed, he argued only that the trial court erred in failing to allow him to pick a new jury because the co-defendant Mitchell's guilty plea prejudiced the jury. We affirmed his judgment of sentence on October 6, 2014. Our Supreme Court denied Appellant's petition for allowance of appeal on March 18, 2015.

---

[1] A new version of Rule 600 was adopted October 1, 2012, and became effective on July 1, 2013. This proceeding, however, is governed by the previous version of Rule 600, which was in effect prior to July 13, 2013.

On February 25, 2016, Appellant *pro se* filed the instant PCRA petition. The PCRA court appointed counsel, who, on December 29, 2016, filed an amended petition, claiming that Appellant's trial counsel was ineffective in not securing a decision on his Rule 600 motions. On April 20, 2017, following a Pa.R.Crim.P. 907 notice, the PCRA court denied Appellant relief for want of merit. Appellant timely appealed to this Court.

On appeal, Appellant presents a single issue for our review:

I. Was trial counsel ineffective for failing to fully litigate and resolve a meritorious Rule 600 motion prior to commencing trial where a favorable resolution of the motion would have resulted in all charges against Appellant being dismissed?

Appellant's Brief at 4.

Appellant's sole claim before us involves ineffective assistance of counsel. A PCRA petitioner is entitled to relief if he pleads and proves that prior counsel rendered ineffective assistance of counsel. 42 Pa.C.S.A. § 9543(a)(2)(ii). "To prevail on an [ineffectiveness] claim, a PCRA petitioner must plead and prove by a preponderance of the evidence that (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for acting or failing to act; and (3) the petitioner suffered resulting prejudice." ***Commonwealth v. Reyes-Rodriguez***, 111 A.3d 775, 780 (Pa. Super. 2015) (*en banc*). "A petitioner must prove all three factors of the "***Pierce***[2] test," or the claim fails." ***Id.*** Put differently, "[t]he burden of proving ineffectiveness

_____

[2] ***Commonwealth v. Pierce***, 527 A.2d 973 (Pa. 1987).

- 3 -

rests with Appellant." ***Commonwealth v. Chmiel***, 889 A.2d 501, 540 (Pa. 2005).

To begin our ineffectiveness of counsel analysis, we must determine whether Appellant meets the first prong of the ***Pierce*** test—*i.e.*, arguable merit—by establishing a valid Rule 600 claim. Rule 600 provides that a defendant on bail is entitled to have trial commence no later than 365 days after the complaint date. ***See*** Pa.R.Crim.P. 600(A)(3). When computing the number of pretrial days attributable to the Commonwealth under this rule, certain delays are excluded, such as those occasioned by defense postponements, by express defense waivers of Rule 600, by the unavailability of the defendant or defense counsel, and/or b*y* the fact that the defendant could not be located and apprehended. ***See*** Pa.R.Crim.P. 600(C). Rule 600(C) also excludes "the period of time between the filing of the written complaint and the defendant's arrest, provided that the defendant could not be apprehended, because his or her whereabouts were unknown and could not be determined by due diligence[.]" Pa.R.Crim.P. 600(C)(1).

"To obtain relief, a defendant must have a valid Rule 600 claim at the time he files his motion to dismiss the charges."[3] ***Commonwealth v. Hyland***, 875 A.2d 1175, 1189 (Pa. Super. 2005), ***appeal denied***, 890 A.2d 1057 (Pa. 2005). Indeed, at any time prior to trial, a defendant may move

---

[3] Generally, the time stops on the day a defendant files a Rule 600 motion alleging violations of his right to a speedy trial. Any periods of delay that occur after the filing of the Rule 600 motion are not taken into account in disposing of the motion. ***See Hyland***, ***infra***.

for dismissal of the case if Rule 600 has been violated. ***See*** Pa.R.Crim.P. 600(G). However, even when the defendant has not been tried within 365 days, and even when those days appear to be attributable to the Commonwealth, a Rule 600 motion shall nevertheless be denied if the Commonwealth proves that it acted with due diligence in attempting to try the defendant timely and that the circumstances occasioning the delay were beyond the Commonwealth's control. ***See Commonwealth v. Frye***, 909 A.2d 853, 858 (Pa. Super. 2006); ***see also*** Pa.R.Crim.P. 600(G).

Due diligence is a fact-specific concept to be determined on a case-by-case basis. ***See Commonwealth v. Ramos***, 936 A.2d 1097, 1102 (Pa. Super. 2007). Although due diligence does not demand perfection, it does require the Commonwealth to put forth a reasonable effort. ***See id.*** For example, due diligence requires the Commonwealth to employ a record-keeping system to keep track of its cases so that they are prosecuted within the time requirements of the law. ***See Commonwealth v. Browne***, 584 A.2d 902, 906 (Pa. 1990). The failure to employ a diary or other record-keeping system shows a lack of due diligence. ***Id.***

A meritorious Rule 600 motion would result in dismissal of the charges against Appellant. ***See*** Pa.R.Crim.P. 600(G). Accordingly, prejudice will be established upon a showing of a meritorious claim. ***See Commonwealth v. Lynn***, 815 A.2d 1053, 1056 (Pa. Super. 2003). We, therefore, must assess if a Rule 600 motion would have been meritorious in order to determine if trial counsel was ineffective for failing to file such a motion.

Instantly, based on our review of the record, we are unable to engage in a meaningful appellate review of Appellant's PCRA claim. It is undisputed that the trial court failed to decide Appellant's Rule 600 motions. However, as noted, although the trial court issued a Rule 1925(a) opinion in 2013 relating to Appellant's direct appeal addressing his Rule 600 claims, the opinion lacked necessary findings of fact and, moreover, did not address the Rule 600 motion in the Second Case. We also observe that in its Rule 1925(a) opinion, the trial court did not address all relevant periods pertaining to both cases in analyzing the merits of Appellant's Rule 600 claims. The dockets in the First Case as well as in the Second Case demonstrate a lot of docket activity, including continuances, from the time the criminal complaints were filed until the filing of the Rule 600 motions. Given the current posture of this case, on collateral review, we are constrained to vacate the PCRA court's order and remand this case to the PCRA court to conduct an evidentiary hearing to render the necessary findings of fact with respect to the merits, if any, of Appellant's Rule 600 motions. In particular, we direct the PCRA court to review thoroughly the dockets in both cases to resolve all delays from the time of the filing of the complaints until the filing of the Rule 600 motions. Specifically, the PCRA court shall determine whether the delay was occasioned by Appellant, the Commonwealth, or the judiciary.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/22/18