J-S26042-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                               :                PENNSYLVANIA
                                               :
              v.                           :
                                               :
GREGORY K. WILKINS                  :  
                                               :
              Appellant                :     No. 996 EDA 2018

Appeal from the Judgment of Sentence March 22, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0009333-2016

BEFORE:    PANELLA, P.J., GANTMAN, P.J.E., and PELLEGRINI*, J.

MEMORANDUM BY PELLEGRINI, J.:                  **FILED JULY 1, 2019**

Gregory K. Wilkins (Wilkins) appeals a judgment of sentence entered in the Court of Common Pleas of the First Judicial District (trial court) following his convictions for robbery and possession of a firearm by a prohibited person.[1] He argues that the trial court erroneously denied his motion to dismiss under Pennsylvania Rule of Criminal Procedure 600. We agree and vacate the judgment of sentence.

---

\*    Retired Senior Judge assigned to the Superior Court.

[1] **See** 18 Pa.C.S. § 3701 (robbery); 18 Pa.C.S. § 6105 (weapon possession by prohibited person). A nolle prosequi was entered as to several related charges at the conclusion of sentencing.

**I.**

The relevant parts of this case's procedural history were summarized by

the trial court as follows:

> On June 7, 2016, [Wilkins] was arrested and charged with, *inter alia*, robbery and possession of a firearm by a prohibited person. On June 23, 2016, the Commonwealth's request for a continuance for no severance of [Wilkins] and his co-defendant at the preliminary hearing was granted. The co-defendant's counsel was unavailable, resulting in the Commonwealth's requests. On July 22, 2016, the Commonwealth's request for a continuance to relist [Wilkins'] case for an indicting grand jury was granted. On August 26, 2016, the Commonwealth's request for a continuance for status of the indictment was granted. On September 16, 2016, the Commonwealth's request for a continuance due to no indictment from the grand jury was granted. The co-defendant then made a motion for recusal that was granted. On September 26, the Commonwealth's request for a continuance was granted. On October 6, 2016, all charges were held for court against [Wilkins].
>
> On November 9, 2016, [Wilkins] rejected the Commonwealth's offer at the pre-trial conference. On November 29, 2016, a scheduling conference was held and the case was listed for a jury trial on March 27, 2017. . . [O]n March 30, 2017 . . . the case was rescheduled for a jury trial on May 15, 2017. On the date of the rescheduled jury trial, the Commonwealth requested a continuance for further investigation, [which] was granted. The jury trial was rescheduled for August 7, 2017.
>
> On July 31, 2017, [Wilkins] filed a motion to dismiss pursuant to Rule 600 [and a cursory hearing on the motion was held on August 7, 2017.] The jury trial was rescheduled for October 23, 2017.

Trial Court Opinion, 10/11/2018, at 1-2.

The Commonwealth filed a written response to Wilkins' motion to

dismiss, asserting for the most part that all of the time relevant to this appeal

was excluded for Rule 600 purposes due to "court congestion" which the

Commonwealth had "no control over." Commonwealth Response, 9/12/2017, at 2-3.

The hearing on Wilkins' Rule 600 motion to dismiss was brief. Defense counsel asserted at the hearing that all of the time which had elapsed in the case was attributable to the Commonwealth because it had failed to exercise due diligence. *See* Motion Hearing Transcript, 8/7/2017, at 6-7. The Commonwealth said little at the hearing and only briefly discussed its unsuccessful plans to secure a grand jury indictment and make the complainant available for trial. *Id.* at 3, 5-6. The Commonwealth did not specify when contact with the complainant had been lost or what effort had been taken to reach him. *Id.* 5-6. Nor did the Commonwealth discuss court congestion as causing any delays.

In response to defense counsel's argument, the trial court did not make any specific inquiry into the time periods in question. The trial court made no rulings regarding periods of delay caused by the Commonwealth, the defense or the judiciary. Instead, the trial court asked defense counsel to address Wilkins' bail status. *Id.* at 7-8.

The motion to dismiss was denied without opinion on September 15, 2017. Wilkins filed a motion for reconsideration of that ruling which was denied on October 19, 2017. The jury trial began on October 23, 2017, and Wilkins was found guilty of robbery and possession of a firearm by a prohibited person and was sentenced on the robbery count to a prison term of between

three-and-one-half and seven years. On the weapon possession count, he received a concurrent prison term of between one and two years.

Wilkins appealed, asserting in his Rule 1925(b) Statement that the Commonwealth's failure to exercise due diligence resulted in a violation of his speedy trial rights under Rule 600. *See* Rule 1925(B) Statement of Errors Complained of on Appeal, 5/1/2018, at 1.[2] He now presents one issue for our consideration:

> Did not the trial court erroneously deny [Wilkin's] motion to dismiss . . . where [he] was tried well beyond the amended run date and the Commonwealth did not establish due diligence, as it failed to provide discovery in a timely manner and did not account for complainant's failures to appear or secure complainant's presence until after the amended run date?

Appellant's Brief, at 3.

---

[2] The Commonwealth argues in its brief that Wilkins waived his speedy trial claims by failing to provide "relevant analysis" in his 1925(b) Statement regarding the excluded periods of delay. Appellee's Brief, at 5. In this regard, the respective burdens of the parties are long settled. Once a year has elapsed from the date charges are filed, a defendant only has to assert that the Commonwealth failed to exercise due diligence during the relevant times. *See* Pa.R.Crim.P. 600(D). The Commonwealth must then show that enough time was properly excluded from the speedy trial calculation to warrant denial of the motion. *See e.g., Brown v. Commonwealth*, 584 A.2d 902, 906 (Pa. 1990) (holding that Commonwealth's lack of evidence showing its efforts to prepare for trial "constitutes a failure to exercise due diligence."). Because Wilkins' motion was initially denied by order and without a written opinion, he preserved his present claim for appeal. We note that in its subsequent Rule 1925(a) opinion, the trial court quoted and directly addressed Wilkins' 1925(b) Statement without finding it to be deficient.

**II.**

Generally, Rule 600 protects the speedy trial rights of the accused, as well as society's interest in prosecuting crimes. ***Commonwealth v. Watson***, 140 A.3d 696, 698 (Pa. Super. 2016).[3] The Rule mandates that a "[t]rial in a

_____

[3] Rule 600 provides in relevant part:

(A) **Commencement of Trial; Time for Trial**

(1) For the purpose of this rule, trial shall be deemed to commence on the date the trial judge calls the case to trial, or the defendant tenders a plea of guilty or *nolo contendere*.

(2) Trial shall commence within the following time periods.
    (a) Trial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed.

. . . .

(C) **Computation of Time**

(1) For purposes of paragraph (A), periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation

. . . .

(3)(a) When a judge or issuing authority grants or denies a continuance:
    (i) the issuing authority shall record the identity of the party requesting the continuance and the reasons for granting or denying the continuance; and
    (ii) the judge shall record the identity of the party requesting the continuance and the reasons for granting or

- 5 -

court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed." Pa.R.Crim.P. 600(A)(2)(a). The final day of that period is called the "mechanical run date." *See generally Commonwealth v. Ramos*, 936 A.2d 1097, 1101-04 (Pa. Super. 2007). If the proceedings are delayed for reasons enumerated in Rule 600, then such periods may be excluded from the computation of time at the trial court's discretion, and the mechanical run date may be adjusted accordingly. *See id.*[4]

Whenever a continuance is granted in a case, the trial court must identify the party who requested it, the reasons for granting it, and whether the time will be included in "the computation of the time within which trial

_____

> denying the continuance. The judge also shall record to which party the period of delay caused by the continuance shall be attributed, and whether the time will be included in or excluded from the computation of the time within which trial must commence in accordance with this rule.

Pa.R.Crim.P. 600.

[4] The trial court's rulings as to computation of time under Rule 600 are reviewed under an abuse of discretion standard. *See Commonwealth v. Carter*, 204 A.3d 945 (Pa. Super. 2019). "An appellate court must view the facts in the light most favorable to the prevailing party." *Id.* (quoting *Commonwealth v. Bethea*, 185 A.3d 364, 370 (Pa. Super. 2018)). "[W]hen considering the trial court's ruling, this Court "is not permitted to ignore the dual purpose behind Rule 600 ... (1) the protection of the accused's speedy trial rights, and (2) the protection of society." *Id.* To the extent a trial court's ruling on the computation time is "framed as a legal issue," the standard of review is *de novo*. *Commonwealth v. Mills*, 162 A.3d 323, 325 (Pa. 2017).

must commence[.]" Pa.R.Crim.P. 600(C)(a)(i)-(ii). If trial does not commence within the time required by Rule 600, the defendant must seek relief in the form of a motion to dismiss. **See** Pa.R.Crim.P. 600(D). In doing so, a defendant does not have to show that he suffered prejudice as a result of delay. **See Commonwealth v. Kearse**, 890 A.2d 388 (Pa. 2005).

The trial court must then hold a hearing on the motion and may exclude time from the Rule 600 calculation if "the delay occurred as the result of circumstances beyond the Commonwealth's control and despite its due diligence[.]" Pa.R.Crim.P. 600, cmt; **see Commonwealth v. Goldman**, 70 A.3d 874, 879 (Pa. Super. 2013). "[I]n assessing any period of delay under Rule 600, it is critical to ascertain the **cause** of such delay. Stated in the most general terms, when the Commonwealth causes delay, the Rule 600 clock continues to tick; when the defendant causes delay, the clock stops." **Commonwealth v. Barbour**, 189 A.3d 944, 958 (Pa. 2018) (emphasis in original).

In **Commonwealth v. Mills**, 162 A.3d 323 (Pa. 2017), our Supreme Court addressed when time is properly excluded for speedy trial purposes. The Court held that "time attributable to the normal progression of a case simply is not [an excludable period of] 'delay' for purposes of Rule 600." **Mills**, 162 A.3d at 325. The trial court must instead distinguish the "time necessary to ordinary trial preparation [from] judicial delay arising out of the court's own scheduling concerns." **Id.**

*Mills* clearly stated that the time which passes in the "normal progression of a case" ***must be included*** in the Rule 600 computation ***unless*** the Commonwealth can show it exercised due diligence during the period or the record establishes that the judiciary or the defense was responsible for the delay. *Mills*, 132 A.3d at 325; Pa.R.Crim.P. 600(C). Simply put, if there is no basis to exclude a period of time, then it counts toward the time in which a defendant must be tried. *See Barbour*, 189 A.3d at 958.

*Mills* continued to apply the long established rule that the Commonwealth has a burden to prove that it acted with due diligence during all stages of a criminal case. *See Mills*, 132 A.3d at 324; ***Commonwealth v. Burno***, 154 A.3d 764, 794 (Pa. 2017); ***Commonwealth v. Brown***, 584 A.2d 902, 908 (Pa. 1990) ("We hold that due diligence likewise imposes on the government the duty to employ simple recordkeeping systems in circumstances such as this."). To prove it acted with due diligence, the Commonwealth must demonstrate by a preponderance of the evidence that it "put forth a reasonable effort." ***Commonwealth v. Selenski***, 994 A.2d 1083, 1089 (Pa. 2010).

## III.

In this case, the trial court found in its Rule 1925(a) opinion that a total of 504 days had elapsed between the charging date (June 7, 2016) and the date of trial (October 23, 2017), but that only **356 days** were attributable to the Commonwealth for the purposes of Rule 600. Trial Court Opinion,

10/11/2018, at 7.  The Commonwealth does not dispute any of the time the trial court attributed to it.

As to the 145 days which were excluded from the Rule 600 computation, the defense took responsibility for a 29-day period between June 23, 2016, and July 22, 2016.[5]  This brought the disputed time to a total of **116 days**, which the trial court divided into four separate periods, each of which is independently dispositive in this appeal.  However, the trial court gave little to no explanation for the exclusion of that time:

- On June 7, 2016, Wilkins was charged, and on June 23, 2016, his first preliminary hearing was reset to a later date.  The trial court ruled that this 16-day period was not chargeable to the Commonwealth.  ***See id.***, at 6.

- On October 6, 2016, all charges were held for court against Wilkins until November 9, 2016.  The trial court ruled that this 34-day period was **"not chargeable against the Commonwealth as normal trial progression."**  ***Id.***, at 7 (emphasis added).

- On November 9, 2016, Wilkins rejected a plea offer and a scheduling conference was held on November 29, 2016.  The trial court ruled that this 20-day period was not chargeable to the Commonwealth.  ***Id.***

- On March 30, 2017, the trial date was continued to May 15, 2017.  The trial court ruled that this 46-day period of delay was attributable to the defense.  ***Id.***

_____

[5] These 29 days were charged to the defense due to the non-availability of the co-defendant.  Further, the parties appear to differ on whether the trial court included or excluded the three-day period between March 27, 2017, and March 30, 2017.  Regardless, this three-day period is moot because it cannot bring the total period of delay over the 365-day threshold of Rule 600.

In declining to charge these periods to the Commonwealth, the trial court did not follow the procedures for excluding time under Rule 600. This error relieved the Commonwealth of its due diligence obligations and deprived Wilkins of his speedy trial rights.

The Commonwealth argues generally that all of the time was found to be excludable "due to the trial court's schedule and [Wilkins'] request for non-mandatory discovery that the Commonwealth had no intention of introducing." Appellee's Brief, at 8. However, the trial court's Rule 1925(a) opinion does not indicate that any of the excluded 116 days were attributed to judicial delay. Nor does anything in the record support or even mention it as a reason for excluding the time from Rule 600 computation. *See Barbour*, 189 A.3d at 958. The Commonwealth identifies no evidence that it acted with due diligence during the relevant times or any evidence that the defense or the judiciary caused those delays.[6] Each of the relevant periods will be addressed in more detail below.

The first period at issue began on the date Wilkins was charged and ended on the date that his first preliminary hearing was originally set. The trial court gave no explanation in its Rule 1925(a) opinion as to why those 16

---

[6] The Commonwealth's lack of evidence regarding judicial delay is curious in light of the fact that it had asserted in its written response to Wilkins' motion that "court congestion" was a cause of all the periods now at issue. *See* Commonwealth Response, 9/12/2017, at 2-3.

days were chargeable to the defense rather than to the Commonwealth. In its brief, the Commonwealth does not attempt to justify the exclusion of this time from Rule 600 computation, stating only that the trial court acted within "in its discretion." Appellee's Brief, at 9.

The trial court erred because the Commonwealth did not carry its burden of proving due diligence and there was no evidence of judicial or defense related delay. The Rule 600 clock starts ticking once charges are filed, but the trial court suspended the operation of the Rule without providing any reason for doing so – which is not surprising since no valid basis is apparent in the record.

Adding those 16 days to the total undisputed period of Commonwealth delay (356 days) puts the run date of Wilkins' trial beyond the 365-day period allotted by Rule 600. ***See Mills***, 132 A.3d at 325 (rejecting claim that period between the filing of complaint and a status conference was excludable for Rule 600 purposes as the normal progression of the case). For this reason alone, Wilkins' Rule 600 motion should have been granted.

It was also error for the trial court to exclude the time between October 6, 2016, and November 9, 2016 (34 days) on the ground that it was "not chargeable against the Commonwealth as normal trial progression." Trial Court Opinion, 10/11/2018, at 7. ***Id***. Exclusion of time on that sole basis is the exact opposite of what ***Mills*** mandates. As discussed above, the case stands for the proposition that "normal trial progression" counts toward the

time to commence trial under Rule 600. **Mills**, 132 A.3d at 324-25. The **exception** is when the Commonwealth can show it exercised due diligence or the trial court determines the delay was caused by the defense or the judiciary. **See id.**[7]

The trial court here did not exclude the period based on a finding of due diligence, judicial delay or defense delay. By ruling that those days had passed in the normal progression of the case, the trial court erred as a matter of law because such time must be included in the Rule 600 calculation. **See Mills**, 132 A.3d at 325; **see also Commonwealth v. Peterson**, 19 A.3d 1131, 1134–35 (Pa. Super. 2011) (an abuse of discretion is committed "if in reaching a conclusion the law is overridden or misapplied[.]").

The period between November 9, 2016, and November 29, 2016, was excluded without any explanation. Presumably, the trial court again found the time to be attributable to the normal progression of the case. **Mills** holds that such time is not a period of excludable "delay" for the purposes of Rule 600, but rather must be charged to the Commonwealth.

---

[7] In the **Mills** concurrence, Justice Wecht expressed concern that trial courts "too often make these judgments [regarding excludable time] without first considering the Commonwealth's due diligence obligation." 132 A.3d at 326 (Wecht, J., concurring). Justice Wecht stressed that a recalculation of the speedy trial period must always be done in accordance with the procedure outlined in Rule 600, which "requires courts first to consider the Commonwealth's role in causing the delay at issue. Only if the Commonwealth has discharged its duties with due diligence should a court consider other causes for the delay." **Id.**

As for the time between March 30, 2017, and May 15, 2017, the trial court attributed the delay to the defense but did not provide any factual or legal basis for that conclusion. This was the only disputed period which the Commonwealth specifically addressed in its brief, asserting that the record "supports the inference" that it was caused by the defense's request for a video which was non-mandatory discovery. Appellee's Brief, at 12. The Commonwealth refers to docket entries which indicate that it was ready for trial during this span. *Id.*

Yet the record does not show if the trial court ever ruled that the discovery was non-mandatory, whether the Commonwealth diligently sought to obtain it, or whether the Commonwealth was ready for trial. In fact, the docket suggests that the Commonwealth was not ready at that time. An entry for March 30, 2017, reads, "Commonwealth Request for Continuance Discovery Incomplete: Video to be passed – No DNA and Fingerprint testing. Defendant in Custody." (Docket Entry No. 72, 3/30/2017). Further, the Commonwealth was not ready to proceed at the end of the subject period (May 15, 2017) since it had to move for a continuance of trial on that date "for further investigation." Trial Court Opinion, 10/11/2018, at 7.

On appeal, the facts must be reviewed in the light most favorable to the prevailing party but the only facts which may be considered are "limited to the evidence on the record of the Rule 600 evidentiary hearing and the findings of the trial court." *Kearse*, 890 A.2d 388, 390 (quoting *Commonwealth v.*

*Williams*, 876 A.2d 1018, 1020 (Pa. Super. 2005). Here, there is no basis in the reviewable facts on which to affirm the trial court's decision to exclude the time between March 30, 2017, and May 15, 2017.

To conclude, the Commonwealth admits that it caused 356 days of delay, which is just nine days' shy of the end of the speedy trial period. Each of the four disputed periods of time (16, 34, 20 or 46 days) is dispositive, as the addition of any one of those periods to the total sum would constitute a violation of Rule 600. All of that time was erroneously excluded so Wilkins' speedy trial rights were violated and his convictions cannot be sustained.

Judgment of sentence vacated. Appellant discharged. Jurisdiction relinquished.

President Judge Panella joins the memorandum.

President Judge Emeritus Gantman concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/1/19

- 14 -