OPINION BY SHOGAN, J.:
*946 The Commonwealth appeals from the trial court's order granting ("Appellee") Jamie Allen Carter's Motion to Dismiss Pursuant to Pa.R.Crim.P. 600. After careful review, we affirm.
In the instant case, a criminal complaint and arrest warrant were issued for Appellee on February 21, 2017. At the time the warrant and complaint were issued, Appellee was under the jurisdiction of the Pennsylvania Department of Corrections, serving a sentence at an unrelated docket number. Magisterial District Judge Lee Watson ("Judge Watson") conducted Appellee's preliminarily arraignment via video on January 30, 2018, over eleven months after the warrant and complaint were issued.
Following a preliminary hearing on February 13, 2018, all charges were held for court, and Judge Watson scheduled the formal arraignment for March 5, 2018. On February 21, 2018, the Commonwealth filed criminal informations and a "Motion to Schedule for Trial," requesting that the case be placed on the next available criminal jury selection on March 7, 2018. On February 23, 2018, more than one year after the criminal complaint was issued, the court signed an order scheduling the case for jury selection on March 17, 2018.
On February 27, 2018, Appellee filed a motion to dismiss pursuant to Pa.R.Crim.P. 600. The court held a hearing on the matter on March 15, 2018, and heard testimony from several witnesses, including Doris Peterson, the assistant for Judge Watson. Ms. Peterson testified that the warrant, which was generated after the filing of the complaint, was made available to the Cumberland Township Police Department ("CTPD") the same day it was generated. N.T. ( Rule 600 Hearing), 3/15/18, at 4-5. Sergeant Tony Gismondi of the CTPD testified that he prepared a warrant portfolio for this case on March 8, 2017, which included a photograph of Appellee and his location. Id . at 11. Sergeant Gismondi noted that he knew Appellee was incarcerated at SCI Camp Hill and was aware of Appellee's warrant. Id . He further testified that he faxed a copy of the warrant to SCI Camp Hill to have Appellee arraigned by video. Id . at 12. On March, 29, 2017, Sergeant Gismondi checked the docket again and saw the warrant was still valid but that Appellee had not been arraigned. Id . He reached out to SCI Camp Hill and attempted to confirm their receipt of the warrant. Id . at 13. Upon learning that they had not received it, he re-sent the warrant. Id . Sergeant Gismondi made no further effort to arraign Appellee. Id . at 15, 16.
Sergeant Brian Smith of the CTPD also testified that he was aware of the warrant and that Appellee had not been arraigned. Id . at 18. He testified that he made several inquiries to Judge Watson, who assured Sergeant Smith that he would make arrangements for the video arraignment, which ultimately occurred on January 30, 2018. Id . at 18-21. Judge Watson also testified that Sergeant Smith had requested multiple times that Appellee be arraigned. Id . at 28. Judge Watson told Sergeant Smith not to obtain an order of transport because he would arraign Appellee via video. Id . Judge Watson further stated that he must personally make the arrangements to access the polycom system, which is the video communication system used to conduct arraignments via video. Id . at 29. Judge Watson testified that his first attempt to arraign Appellee via video was in November or December of 2017, but the polycom system was not working properly. Id . at 29, 32. Finally, Judge Watson testified that in January of 2018, he drove to a colleague's office to use his polycom system to arraign Appellee. Id . at 30.
*947 Following the hearing, the trial court granted Appellee's motion to dismiss, noting that no delay was attributable to Appellee as he was continuously incarcerated, the circumstances of delay were within the control of the Commonwealth, and the Commonwealth failed to exercise due diligence in the execution of the warrant. Order, 4/6/18, at unnumbered 4. The Commonwealth filed a timely appeal. Both the trial court and the Commonwealth complied with Pa.R.A.P. 1925.
The Commonwealth presents the following question for our review:
Did the lower court err in finding the Commonwealth committed violations of the right to a speedy trial and in dismissing the prosecution?
Commonwealth's Brief at 8.
Our standard of review as it relates to a violation of Pa.R.Crim.P. 600 is well established.[1]
In evaluating Rule 600 issues, our standard of review of a trial court's decision is whether the trial court abused its discretion. Judicial discretion requires action in conformity with law, upon facts and circumstances judicially before the court, after hearing and due consideration. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused.
Commonwealth v. Bethea , 185 A.3d 364, 370 (Pa. Super. 2018) (citation omitted). "An appellate court must view the facts in the light most favorable to the prevailing party." Id ."[W]hen considering the trial court's ruling, this Court "is not permitted to ignore the dual purpose behind Rule 600... (1) the protection of the accused's speedy trial rights, and (2) the protection of society." Id ."So long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, *948 Rule 600 must be construed in a matter consistent with society's right to punish and deter crime." Commonwealth v. Wendel , 165 A.3d 952, 956 (Pa. Super. 2017) (citation omitted). "If the delay occurred as the result of circumstances beyond the Commonwealth's control and despite its due diligence, the time is excluded." Pa.R.Crim.P. 600, cmt.
In support of its appeal, the Commonwealth argues that the trial court erred when it dismissed the prosecution because it relied on "faulty findings of fact as well [as] erroneous interpretation of the applicable law." Commonwealth's Brief at 19. Specifically, the Commonwealth asserts that the delays in arranging Appellee's arraignment by video were due to technical difficulties. Commonwealth's Brief at 27. Moreover, the Commonwealth avers that despite the delays, several inquiries were made regarding the arraignment. Id . Ultimately, the Commonwealth argues that "[i]n considering the actual and pertinent facts as well as the proper interpretation of Rule 600, no violation of [Appellee's] rights to a speedy trial occurred and certainly none were caused by the Commonwealth." Commonwealth's Brief at 27.
In his brief, Appellee responds that the Commonwealth failed to exercise due diligence, and although video arraignment is permitted, it does not allow the Commonwealth to "sit back and take the Magisterial District Judge's word," particularly when Appellee could also have been arraigned in person. Appellee's Brief at 13. Appellee further asserts that the Commonwealth was aware of his location at all times and knew that he had not been preliminarily arraigned. Id . at 14.
In its order, the trial court held that "[a]lthough the District Court did not effectuate a Preliminary Arraignment by video[,] nothing about the convenience of the video arraignment process relieves the Commonwealth of its requirement to execute the warrant pursuant to Pennsylvania Rules of Criminal Procedure Rule 515." Order, 4/6/18, at unnumbered 3. In an earlier order, the trial court noted that, "although cooperation between the arresting officer and the [c]ourt are encouraged, the [c]ourt does recognize that upon issuance of an arrest warrant the burden falls upon the Commonwealth, based upon separation of powers, to serve the warrant. Order, 3/15/18, at unnumbered 2.
A review of case law cited by both parties and independent research failed to uncover any case law addressing the issue of judicial delay in the instant context. The majority of Rule 600 cases discussing the concept of judicial delay occur in the context of scheduling delays, where the Commonwealth is ready to proceed but unable to do so due to the scheduling limitations of the trial court. See, e.g., Commonwealth v. Bethea , 185 A.3d 364, 372 (Pa. Super. 2018) (finding that where judicial delay is excludable and not chargeable to the Commonwealth where the delay "was plainly attributable to the schedule limitations of the trial court[.]").
To the extent the Commonwealth relies upon Commonwealth v. Bradford , 616 Pa. 122, 46 A.3d 693 (2012), and Commonwealth v. Plowden , 157 A.3d 933 (Pa. Super. 2017) (en banc ), those cases are factually dissimilar and do not provide support. Indeed, in Bradford , the Supreme Court of Pennsylvania found that the delay in bringing the defendant to trial was due to the Commonwealth's proper reliance on the court complying with a rule of criminal procedure. Bradford , 46 A.3d at 704-705. Therein, the court's failure to comply with Pa.R.Crim.P. 547(B), Return of Transcript and Original Papers, resulted in the case not being entered in the Commonwealth's internal date tracking system, which ultimately led to the defendant being held *949 beyond the parameters set forth in Rule 600. In contrast, in the instant case, the Commonwealth was aware of the fact that Appellee had not been arraigned, but it failed to exercise due diligence to assure that arraignment occurred.
The Commonwealth's reliance on Plowden is similarly misplaced. In Plowden , this Court, sitting en banc , found no violation of Rule 600 where the defendant had been extradited to New York, and the Commonwealth demonstrated that it had attempted to extradite the defendant back to Pennsylvania and continued to communicate with the New York Authorities. Plowden , 157 A.3d at 941-942. This Court specifically noted that the record reflected that the Commonwealth made several attempts to procure the defendant, but those attempts were unsuccessful due to circumstances over which it had no control. Id .
In contrast, Appellee herein was within the Commonwealth at all times, the Commonwealth was aware of his location, and failed to bring his case to trial within the parameters set forth by Rule 600. Moreover, although the district judge failed to arraign Appellee by video, that was not the only means available to to arraign him.
It is well established that "the burden of seeing that trial is commenced rests on the Commonwealth, not the defendant." Commonwealth v. McCutcheon , 339 Pa.Super. 8, 488 A.2d 281, 284 (1985). As the trial court held in its order,
In this particular case[,] the [c]ourt finds that as [Appellee] was continuously incarcerated[,] no delay can be attributable to [Appellee]. The [c]ourt further finds that the Commonwealth failed to exercise due diligence in the execution of the arrest warrant as the properly issued arrest warrant was never executed. All circumstances of delay were within the control of the Commonwealth[.]
Order, 4/6/18, at unnumbered 4. Given our standard of review, the fact that the evidence must be viewed in the light most favorable to Appellee, and the fact that the Commonwealth had the ability to arraign Appellee at any point, we conclude that the trial court did not abuse its discretion when it found the Commonwealth failed to exercise due diligence and granted Appellee's motion to dismiss pursuant to Pa.R.Crim.P. 600.
Order affirmed.
P.J.E. Bender joins the Opinion.
Judge Murray concurs in the result.

Pa.R.Crim.P. 600, states in relevant part:
(A) Commencement of Trial; Time for Trial
(1) For the purpose of this rule, trial shall be deemed to commence on the date the trial judge calls the case to trial, or the defendant tenders a plea of guilty or nolo contendere .
(2) Trial shall commence within the following time periods.
(a) Trial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed.
(b) Trial in a court case that is transferred from the juvenile court to the trial or criminal division shall commence within 365 days from the date on which the transfer order is filed
* * *
(C) Computation of Time
(1) For purposes of paragraph (A), periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation.
(2) For purposes of paragraph (B), only periods of delay caused by the defendant shall be excluded from the computation of the length of time of any pretrial incarceration. Any other periods of delay shall be included in the computation.
* * *
(D) Remedies
(1) When a defendant has not been brought to trial within the time periods set forth in paragraph (A), at any time before trial, the defendant's attorney, or the defendant if unrepresented, may file a written motion requesting that the charges be dismissed with prejudice on the ground that this rule has been violated. A copy of the motion shall be served on the attorney for the Commonwealth concurrently with filing. The judge shall conduct a hearing on the motion.