J. A17041/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
IGOR KHINCHEGASHVILI, : No. 1033 EDA 2019
:
Appellant :


Appeal from the Judgment of Sentence Entered November 20, 2018,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0007396-2017


BEFORE: BOWES, J., McCAFFERY, J., AND FORD ELLIOTT, P.J.E.


MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED OCTOBER 13, 2020**

Igor Khinchegashvili appeals the November 20, 2018 judgment of sentence, entered in the Court of Common Pleas of Philadelphia County, after a jury convicted him of sexual assault.[1] The trial court sentenced appellant to four to eight years' imprisonment, followed by one year's probation. After careful review, we affirm.

The trial court summarized the facts of the case as follows.

> On July 6, 2006, the [victim] . . . met [a]ppellant at the Red Lion Tavern. The [victim] told [a]ppellant that she was not interested in dating anyone due to her having to support five children alone after breaking up with her fiancé a year prior. [] Appellant offered to drive the [victim] home. However, once in [a]ppellant's truck, the [victim] asked him to drop her off elsewhere because she did not want [a]ppellant to

---

[1] 18 Pa.C.S.A. § 3124.1. Appellant was acquitted of rape and rape of an unconscious person. 18 Pa.C.S.A. §§ 3121(a)(1) and (a)(3), respectively.

know where she lived. The [victim] testified that [a]ppellant became rude after she explained her unwillingness to date anyone.

The [victim] later recalled being dragged through rocks and weeds. She also remembers [a]ppellant on top of her and holding her down. The [victim] did not consent to having sex with [a]ppellant. The [victim] passed out and woke the next morning in an abandoned lot, naked, soaking wet, and feeling pain in her vagina.

Police Officer Vincent Labrice found the [victim] visibly upset and distraught. The [victim] described [a]ppellant as a "white male, Russian, blonde hair, approximately six foot, two hundred pounds, medium build, blue jeans, white shirt . . . [.] Officer Labrice then drove the [victim] to Episcopal Hospital where a rape kit was administered. A vaginal sample from the rape kit tested positive for semen. On January 7, 2016, a DNA sample from [a]ppellant [was found to] match[] the semen recovered from the rape kit.

Trial court opinion, 9/6/19 at 3-4 (footnotes and quotation marks omitted).

The complaint in this case was filed on June 21, 2017. A jury trial commenced on September 12, 2018,[2] and appellant was found guilty of sexual assault. On November 20, 2018, the appellant was sentenced. Appellant filed

---

[2] Jury selection began on September 10, 2018.

a timely post-sentence motion on December 3, 2018.[3] On April 2, 2019, the motion was denied by operation of law, and appellant filed his appeal on April 8, 2019. The trial court ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely complied. The trial court then filed its Rule 1925(a) opinion.

Appellant raises the following issues on appeal:

> 1. In this prosecution for an eleven-year-old sexual assault, which was initiated following a DNA CODIS hit, did not the lower court err and abuse its discretion in denying the motion to dismiss pursuant to Pa.R.Crim.P. 600([A]) where the appellant had requested the Commonwealth's DNA lab report pursuant to mandatory discovery at the first pre-trial conference, the Commonwealth continued to hold him in custody, but failed to turn over the report until 328 days had passed under Rule 600([A]), and where, even then, the Commonwealth requested a "later date" for trial 444 days out?
>
> 2. Was not the evidence insufficient to sustain a verdict of guilt[y] on the charge of sexual assault insofar as the evidence offered by the

---

[3] We note that on January 15, 2020, this court entered a rule directing appellant to show cause why this appeal should not be quashed as untimely. Appellant's post-sentence motion was required to be filed by November 30, 2018, but the docket reflects it was filed on December 3, 2018. **See** Pa.R.Crim.P. 720(A)(1). If appellant's post-sentence motion was untimely, then appellant's appeal was required to be filed by December 20, 2018. **See** Pa.R.Crim.P. 720(A)(3). In response to the rule, appellant maintains his post-sentence motion was timely filed because it was filed electronically on November 30, 2018, at 4:18 p.m. Thereafter, this court discharged the rule to show cause and advised that the issue would be decided by the merits panel. The post-sentence motion attached to appellant's response supports appellant's contention that the motion was timely e-filed, and therefore, his appeal is timely.

> complainant that [a]ppellant engaged in non-consensual sex was so internally contradictory and in such conflict with uncontested facts as to make any verdict based upon such a record a matter of conjecture and insufficient to support a conviction as a matter of law?
>
> 3. Was not the verdict so contrary to the weight of the evidence as to shock the conscience and require that a new trial be awarded?

Appellant's brief at 5.

Appellant alleges that the trial court erred in denying his motion to dismiss, pursuant to Pa.R.Crim.P. 600(A)(2)(a), because the Commonwealth failed to bring him to trial within 365 days. Specifically, appellant asserts that the time attributable to defense continuances should be charged against the Commonwealth because they were occasioned by the Commonwealth's failure to provide the Bode report[4] and the DNA case file until May 17, 2018. (Appellant's brief at 7-8, 10, 39-41.)

As a prefatory matter, in appellant's "preliminary"[5] Rule 1925(b) statement, with respect to Pa.R.Crim.P. 600, appellant raised the following issue:

> The court erred in denying defendant's [m]otion to [d]ismiss [p]ursuant to Pa.R.Crim.P. 600(A) where

---

[4] Bode Technology provides forensic DNA analysis. **See** www.bodetech.com.

[5] On April 30, 2019, appellant initially filed a timely "Preliminary Statement of Errors Complained of on Appeal" and a request for an extension of time to file an amended Rule 1925(b) statement after appellant received all the notes of testimony. The certified record reflects that the trial court did not rule on the request and appellant did not file an amended Rule 1925(b) statement.

> the Commonwealth failed to bring [appellant] to trial within 365 days due to lack of due diligence and violated his rights to a speedy trial.

Appellant's preliminary statement of errors complained of on appeal, 4/30/19 at unnumbered 2, paragraph 2(c).

This court has held that:

> [a] Rule 1925(b)statement must be specific enough for the trial court to identify and address the issue [an appellant] wishe[s] to raise on appeal.  A] [c]oncise [s]tatement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no [c]oncise [s]tatement at all.

*Commonwealth v. Scott*, 212 A.3d 1094, 1112 (Pa.Super. 2019) (citation and quotation marks omitted), *appeal denied*, 222 A.3d 383 (Pa. 2019). Moreover,

> [w]hen a court has to guess what issues an appellant is appealing, that is not enough for meaningful review. When an appellant fails adequately to identify in a concise manner the issues sought to be pursued on appeal, the trial court is impeded in its preparation of a legal analysis which is pertinent to those issues.

*Commonwealth v. Reeves*, 907 A.2d 1, 2 (Pa.Super. 2006), *appeal denied*, 919 A.2d 956 (Pa. 2007).

Here, appellant's Rule 1925(b) statement failed to identify the issue appellant now raises, *i.e.*, that the defense continuances were caused by the Commonwealth's failure to provide the DNA lab report, and therefore, the time should not be excluded for the purposes of Rule 600 calculations.  As this issue

was not raised, the trial court did not address it in its Rule 1925(a) opinion.

Thus, appellant waived his Rule 600 issue due to his lack of specificity.

Nevertheless, we will address appellant's Rule 600 issue.  Our standard

of review, as it relates to a violation of Rule 600, is as follows:

> In evaluating Rule 600 issues, our standard of review of a trial court's decision is whether the trial court abused its discretion.  Judicial discretion requires action in conformity with law, upon facts and circumstances judicially before the court, after hearing and due consideration.  An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused.
>
> An appellate court must view the facts in the light most favorable to the prevailing party."  [W]hen considering the trial court's ruling, this Court is not permitted to ignore the dual purpose behind Rule 600 . . . (1) the protection of the accused's speedy trial rights, and (2) the protection of society.  So long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule 600 must be construed in a matter consistent with society's right to punish and deter crime.  If the delay occurred as the result of circumstances beyond the Commonwealth's control and despite its due diligence, the time is excluded.

***Commonwealth v. Carter***, 204 A.3d 945, 947-948 (Pa.Super. 2019)

(citations and quotation marks omitted).

Pa.R.Crim.P. 600 states, in relevant part, that "[t]rial in a court case in

which a written complaint is filed against the defendant shall commence within

365 days from the date on which the complaint is filed."

Pa.R.Crim.P. 600(A)(2)(a). In calculating time,

> periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation.

Pa.R.Crim.P. 600(C)(1).

As explained in **Commonwealth v. Armstrong**, 74 A.3d 228, 236 (Pa.Super. 2013) (citations and brackets omitted), **appeal denied**, 84 A.3d 1061 (Pa. 2014):

> [T]he courts of this Commonwealth employ three steps . . . in determining whether Rule 600 requires dismissal of charges against a defendant. First, Rule 600(A) provides the mechanical run date. Second, we determine whether any excludable time exists pursuant to Rule 600(C). We add the amount of excludable time, if any, to the mechanical run date to arrive at an adjusted run date.
>
> If the trial takes place after the adjusted run date, we apply the due diligence analysis set forth in Rule 600(D). As we have explained, Rule 600 encompasses a wide variety of circumstances under which a period of delay was outside the control of the Commonwealth and not the result of the Commonwealth's lack of diligence. Any such period of delay results in an extension of the run date. Addition of any Rule 600 extensions to the adjusted run date produces the final Rule 600 run date. If the Commonwealth does not bring the defendant to trial on or before the final run date, the trial court must dismiss the charges.
>
> Due diligence is a fact-specific concept that must be determined on a case-by-case basis. Due diligence

> does not require perfect vigilance and punctilious care, but rather a showing by the Commonwealth that a reasonable effort has been put forth.

*Id.* (citations, brackets, and quotation marks omitted).

Instantly, we note that the Commonwealth passed the DNA evidence to appellant at the preliminary hearing. (Notes of testimony, 8/24/18 at 23, 24.)

> Because this was a CODIS[6] hit sexual assault, we had to pass the DNA at the prelim[inary hearing]. So, at that point, we passed the trace lab report that indicated that there was DNA on the victim back in 2006, and we passed the CODIS hit report that indicated that there was, in fact, a match at the state level.

*Id.* Appellant, however, additionally requested the Bode report and the DNA lab file. (*Id.* at 32, 33.) The certified record reflects that, as a courtesy[7] to appellant, the Commonwealth requested this information, via email, from the forensic laboratory on January 9, 2018.[8] (*Id.* at 42, 43.) The following day, the Bode report was sent to the Commonwealth and appellant's counsel. (*Id.* at 53, 62 – Exhibit C-2.) The DNA lab file was not immediately sent because, as noted by Ryan Gallagher, the forensic laboratory manager lost track of the Commonwealth's request. (*Id.* at 58.) The Commonwealth re-submitted the

---

[6] CODIS stands for Combined DNA Index System.

[7] Appellant's counsel, a public defender, could have emailed the lab and obtained the information requested. (*Id.* at 36.)

[8] Appellant's counsel was CCed on the emails exchanged between the Commonwealth and the forensic laboratory, and the information attached to those emails.

request in April of 2018, and the lab emailed the lab report on April 23, 2018. (***Id.*** at 57.)  Thus, the trial court did not abuse its discretion in finding that the Commonwealth made a reasonable effort to obtain the information, and therefore, appellant's requested continuances were chargeable to appellant.[9] ***See Commonwealth v. Moore***, 214 A.3d 244, 248-249 (Pa.Super. 2019) (finding delay excusable when caused by circumstances beyond Commonwealth's control despite its due diligence), ***appeal denied***, 224 A.3d 360 (Pa. 2020).

As to appellant's Rule 600 claim in general, taking the evidence in the light most favorable to the Commonwealth as the prevailing party, the pre-trial court[10] made the following findings:

> THE COURT:  So we're back on the record for the public defender's petition, 600(A) motion.  I am vacating all of the time findings that I made earlier in this proceeding so that I can make them all here at the same time and then the record will be clear as to

---

[9] In addition, as noted by the forensic laboratory manager, once the file is ready, anyone can pick it up; and public defenders can order DNA lab files. (***Id.*** at 64)  Here, appellant neither requested the file from the lab nor came to the lab to review it.  (***Id.*** at 58.)  As the evidence sought was obtainable by appellant, there is no merit to appellant's argument that the time attributable to defense continuances should be charged against the Commonwealth.  ***See***, ***e.g.***, ***Commonwealth v. Santos***, 176 A.3d 877 (Pa.Super. 2017) (finding, in the context of ***Brady***, when evidence is equally accessible to Commonwealth and defense, defense cannot use discovery rules against Commonwealth for its failure to produce the evidence), ***appeal denied***, 189 A.3d 986 (Pa. 2018).

[10] Here, the hearing on the Rule 600 motion was conducted by a pre-trial judge, and the trial judge conducted the trial and authored the Rule 1925(a) opinion.

what my findings are with regard to those periods of time.

So the time that I am ruling against [the] Commonwealth, meaning the time that will count against the Commonwealth and in favor of the defense are as follows: June 21st through July 6th for 15 days; July the 20th through August the 3rd, 14 days; August 3rd through August 31st, for 28 days. I'm saying August 31st to September 14th, but I've already included August 31st, so really it's September 1st through September 14th for 13 days.

MS. McDONALD[11]: I'm sorry. September 1st to the 14th?

THE COURT: September 1st to the 14th, 13 days. And then September 15th through October 3rd for 19 days; March the 20th through April 16th for 27 days; April 16th through April 18th for two days; and then April the 19th through July 16th, which is that EPD date for 88 days. All other time is extendable with the exception of those days that were previously marked as excludable on the docket.

Any questions about any of the time periods or what I've said?

MS. McDONALD: No, [y]our Honor.

THE COURT: So needless to say, counsel's motion at this point is denied. At least you have clarity or a record with regard to the time going forward.

MS. BINFORD[12]: Thank you.

Notes of testimony, 8/24/18 at 113-114 (emphasis omitted).

---

[11] The assistant District Attorney representing the Commonwealth.

[12] Appellant's counsel for purposes of the Rule 600 motion.

The following dates were not contested by the Commonwealth: June 21–July 6, 2017, September 14–October 3, 2017, and March 20–April 18, 2018. (**See** notes of testimony, 8/24/18 at 11, 22, and 79-83, respectively.) Whether the dates of July 20–August 3, 2017, August 3–August 31, 2017, and August 31–September 14, 2017, were attributable to the Commonwealth was argued, and the record supports the pre-trial court's findings. (**See** notes of testimony, 8/24/18 at 12-16, 16-19, and 20-21, respectively.) Thus, the pre-trial court did not abuse its discretion in attributing 211 days[13] to the Commonwealth.

Further, the trial court, in its Rule 1925(a) opinion, found as follows:

> The complaint was filed on June 21, 2017. The 104 days from the date the complaint was filed to the [p]re-[t]rial [c]onference on October 3, 2017 counted against the Commonwealth as normal progression of the case. However, the [p]re-[t]rial [c]onference was continued at the [d]efense's request for further investigation on October 3, 2017, December 12, 2017, January 9, 2018, and February 20, 2018. Therefore, the 168 days between October 3, 2017 and the [p]re-[t]rial [c]onference on March 20, 2018 [were] excluded from the time computation because this delay was beyond the Commonwealth's control.

Trial court opinion, 9/6/19 at 8 (footnote omitted). The exclusion of these dates is supported by the findings of the pre-trial court and a review of the docket. (**See** notes of testimony, 8/24/18 at 23-29, 29-38, 39-64, and 69-70, respectively.)

---

[13] Calculated by including the first and last day of each time period and adjusting for overlapping dates.

Pursuant to **Armstrong**, **supra**, the mechanical run date was June 21, 2018. **See** Pa.R.Crim.P. 600(A)(2)(a). Adding the excludable time of 168 days to that date results in an adjusted run date of December 6, 2018. Therefore, the trial in this case, which took place almost three months prior to the adjusted run date, was timely and the pre-trial court did not abuse its discretion in finding no Rule 600 violation.

Appellant next contends there was insufficient evidence to sustain his conviction for sexual assault because of inconsistencies between the victim's initial statements to the police in 2006 and statements made to the police in 2016. (**See** appellant's brief at 11-20, 27, 43-45.) He further argues that the victim's accusations "were directly contradicted by physical evidence, investigations, and the results of a scientific test." (**Id.** at 27, 48-49.) However, the gist of appellant's argument is that the Commonwealth did not prove, beyond a reasonable doubt, that the victim did not consent to sexual intercourse. (**Id.** at 45.)

As to challenges to the sufficiency of the evidence,

> [o]ur standard of review for a challenge to the sufficiency of the evidence is well settled. We must view all the evidence in the light most favorable to the verdict winner, giving that party the benefit of all reasonable inferences to be drawn therefrom. Additionally, it is not the role of an appellate court to weigh the evidence or to substitute our judgment for that of the fact-finder.

**Commonwealth v. Alford**, 880 A.2d 666, 669-670 (Pa.Super. 2005), **appeal denied**, 890 A.2d 1055 (Pa. 2005), quoting **Commonwealth v.**

*Gruff*, 822 A.2d 773, 775 (Pa.Super. 2003), *appeal denied*, 863 A.2d 1143

(Pa. 2004) (citations omitted).

> In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Tejada*, 107 A.3d 788, 792-793 (Pa.Super. 2015)

(citations omitted), *appeal denied*, 119 A.3d 351 (Pa. 2015).

Pursuant to 18 Pa.C.S.A. § 3124.1, a person commits sexual assault

when he "engages in sexual intercourse or deviate sexual intercourse with a

complainant without the complainant's consent." *Id.* As noted by the trial

court,

> [a]ccording to 18 Pa.C.S.[A.] § 3101, sexual intercourse includes vaginal intercourse and intercourse per os or per anus, with some penetration however slight. Deviate sexual intercourse is sexual intercourse per os or per anus between human beings and any form of sexual intercourse with an animal. *Id.* Sexual assault is proven if the intercourse occurred without the complainant's consent. *Commonwealth v. Andrulewicz*, 911 A.2d 162, 165-166 (Pa. Super. 2015). The courts have further held that

- 13 -

> "[r]esistance to the sexual assault is not a requisite for sustaining a conviction for sexual assault." *Id.*

Trial court opinion, 9/6/19 at 16. "Furthermore, the uncorroborated testimony of the complaining witness is sufficient to convict a defendant of sexual offenses." *Commonwealth v. Cramer*, 195 A.3d 594, 602 (Pa.Super. 2018) (citation omitted).

As found by the trial court:

> In the instant case, the evidence established that [a]ppellant and the [victim] engaged in vaginal intercourse. The rape kit performed on the [victim], according to a forensic expert, tested positive for sperm. The evidence further established that the sperm found in the [victim]'s vagina matched [a]ppellant's DNA. Moreover, the [victim] did not consent to sexual intercourse with [a]ppellant. She was under the impression that [a]ppellant was merely giving her a ride home. Instead, [a]ppellant drove her to an abandoned building and violently raped her. Given the evidence, the jury found that the Commonwealth established [s]exual [a]ssault beyond a reasonable doubt.

Trial court opinion, 9/6/19 at 16-17 (footnotes and emphasis omitted). Here, the trial court aptly summarized the relevant facts to support the jury's conclusion that the victim did not consent and that appellant committed sexual assault. Thus, taking the evidence in the light most favorable to the Commonwealth, as verdict winner, the relevant facts support the jury's conclusion, beyond a reasonable doubt, that the victim did not consent to the sexual encounter.

As his final issue, appellant asserts that the verdict was against the weight of the evidence. We review the trial court's exercise of discretion in ruling on the weight claim, not the underlying question of whether the verdict was against the weight of the evidence. *Commonwealth v. Champney*, 832 A.2d 403, 408 (Pa. 2003). It is not our role, as a reviewing court, to reweigh the evidence and substitute our judgment for that of the fact-finder. *Commonwealth v. Mitchell*, 902 A.2d 430, 449 (Pa. 2006). Further, "[r]esolving contradictory testimony and questions of credibility are matters for the factfinder." *Commonwealth v. Mikitiuk*, 213 A.3d 290, 305 (Pa.Super. 2019) (citation omitted). "The essence of appellate review for a weight claim [lies] in ensuring that the trial court's decision has record support. Where the record adequately supports the trial court, the trial court has acted within the limits of its discretion." *Commonwealth v. Clay*, 64 A.3d 1049, 1054 (Pa. 2013) (citations and quotations omitted). To warrant a new trial on weight of the evidence grounds, "the evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the court." *Commonwealth v. Sullivan*, 820 A.2d 795, 806 (Pa.Super. 2003).

Here, we concur with the trial court's conclusion that the verdict was not against the weight of the evidence.

> The jury's verdict does not shock the conscience. Although the [c]omplainant contradicted herself during the trial, she was raped over a decade ago, and the jury had an opportunity to take into consideration any inconsistencies during her testimony. However, what was unrefuted was that [a]ppellant's DNA

- 15 -

> matched the semen from the [victim]'s rape kit. This evidence was corroborated by other evidence in the record. The other evidence was that: 1.) the [victim] had pain in her vagina, 2.) she did not consent to having sex with [a]ppellant, and 3.) she informed the first responding police officer that she was raped. When one considers all of the evidence, [a]ppellant's conviction was not against the weight of the evidence[.]

Trial court opinion, 9/6/19 at 15 (footnote omitted).

We, therefore, conclude that the trial court did not abuse its discretion in denying appellant's motion for a new trial based on his weight of the evidence challenge.

Judgment of sentence affirmed.

Judgment Entered.

_____

JosephD.Seletyn,Esq.
Prothonotary

Date: 10/13/2020