J-A22042-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| COLSAUN THOMAS BAILEY | |
| Appellant | No. 410 MDA 2020 |

Appeal from the Judgment of Sentence imposed December 30, 2019
In the Court of Common Pleas of York County
Criminal Division at No: CP-67-CR-0006847-2018

BEFORE:  SHOGAN, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY STABILE, J.:                    **FILED DECEMBER 16, 2020**

Appellant, Colsaun Thomas Bailey, appeals from the judgment of sentence imposed in the York County Court of Common Pleas on December 30, 2019, following his convictions of aggravated assault and possession of firearm prohibited, 18 Pa.C.S.A. §§ 2702(a)(4) and 6105(a)(1), respectively. Appellant contends the trial court abused its discretion when it failed to dismiss his case pursuant to Pa.R.C.P. 600 and further claims the evidence was insufficient to support his aggravated assault conviction.  Following review, we affirm.

We provide the following factual background, based on our review of the of the trial testimony.

As of October 12, 2018, Appellant shared physical custody of his daughter with the child's mother, Kendra Collier ("Collier").  Appellant and

Collier had been arguing that evening prior to the time Collier arrived at Appellant's home to drop off the child at approximately 10 p.m. The child went into the home while Appellant and Collier continued to argue. Appellant went back inside, but Collier stayed, hoping to settle the disagreement.

When Collier knocked on Appellant's door, he opened it, but closed it when he saw Collier. When she knocked again, he came out of the house with a gun in his hand. Feeling threatened, Collier returned to her car. Appellant followed her. As Collier was getting into her car, she heard a gunshot. She returned to her home and called the police.

Hellam Township Police Sergeant Golder responded to Collier's call. By coincidence, Sergeant Golder had stopped at his home around 10 p.m. to say good night to his children. His home was about a "ten second drive" or "30 second walk" from Appellant's apartment. Before leaving his home, Sergeant Golder heard a single gunshot. He canvassed the area for 30 to 40 minutes but could not find anything.

After responding to another call, Sergeant Golder arrived at Collier's home. He inspected her car and discovered a bullet hole in the back passenger side of her Honda CRV. He lifted the hatch and located a bullet in the leg of a stuffed animal that was in the trunk. He contacted his night partner, Officer Phillips, and asked him to secure the area around Appellant's home while he returned to the residence with Collier.

After Officer Phillips arrived at Appellant's home, he located a shell casing in the roadway in front of the apartment. Shortly thereafter, Appellant's wife, Shyasia Bailey, returned home with the child after dropping Appellant off at work and stopping to visit her mother. She was advised by Officer Phillips and a detective who had arrived on the scene that she could not enter the home because they were in the process of securing a search warrant for the gun that was used in the shooting. She permitted them to enter the home and directed them to a closet in the apartment where she kept the 9 mm handgun, which was registered in her name. Ballistics determined that the bullet and shell casing were fired from that handgun. It was stipulated that Appellant was a person not to possess.

Appellant was arrested on October 13, 2018, and was charged with two counts of aggravated assault and one count of persons not to possess. The docket reflects that an October 26, 2018 preliminary hearing was continued, with the "continuance reason" indicated as "Judge Unavailable." The hearing was then scheduled for November 1, 2018, but was continued at the request of Appellant's then-attorney. On November 20, 2018, the preliminary hearing took place and Appellant was formally arraigned on December 28, 2018. Trial counsel entered an appearance on February 1, 2019. As the trial court explained:

> A pre-trial conference was held on February 7, 2019, during which the case was scheduled for trial during the March 2019 trial term. Trial terms occur every other month in York County.

On September 5, 2019, [Appellant's] supervised bail was revoked as he violated the terms of supervised bail and incurred new charges and a warrant was issued for his arrest. On September 19, 2019, a supervised bail revocation hearing was held at which [Appellant] was remanded to York County Prison. We note that Judge Trebilcock ordered that the case be placed on the September 2019 trial list, however the trial list is prepared well in advance and the September 2019 trial term ran from September 9 through September 27.

On November 4, 2019, the case was called at [the] call of the list before the Honorable Harry M. Ness, at which time it was determined the case would remain on the trial list. On the same date, counsel for [Appellant] filed a motion for dismissal due to an alleged violation of [Appellant's] speedy trial rights under Pennsylvania Rule of Criminal Procedure 600.

The case was called for trial on November 7, 2019 before the Honorable Harry M. Ness. Just before trial the court heard testimony on [Appellant's] Rule 600 motion and ultimately determined that Rule 600 was not violated and denied the motion.

Rule 1925(a) Opinion, 4/27/20, at 4-5 (some capitalization omitted).

At the conclusion of trial, the jury found Appellant guilty of one count each of aggravated assault and persons not to possess. On December 30, 2019, the court imposed a sentence of two to four years in a state correctional facility for aggravated assault and a concurrent sentence of five to ten years for the firearms conviction. Following denial of post-sentence motions, present counsel filed this timely appeal. Both counsel and the trial court complied with Pa.R.A.P. 1925.

Appellant presents two issues for our consideration.

1. Whether the trial court erred in denying [Appellant's] Motion for Dismissal for Violation of Rule 600 where a hearing was not held and the Commonwealth presented no evidence to show it

exercised due diligence in bringing the case to trial within 365 days where there were 6 days' delay in question.

2. Whether the evidence was insufficient to sustain [Appellant's] conviction for aggravated assault with a deadly weapon where the Commonwealth failed to prove [Appellant] intended to cause bodily injury to Kendra Collier.

Appellant's Brief at 5 (some capitalization omitted).

With respect to Appellant's first issue, our Supreme Court has explained the applicable standard and scope of review as follows:

> We review a trial court's denial of a Rule 600 motion for an abuse of discretion. *Commonwealth v. Solano*, 588 Pa. 716, 906 A.2d 1180, 1186 (2006). "An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will . . . discretion is abused." *Commonwealth v. Wright*, 599 Pa. 270, 961 A.2d 119, 142 (2008) (citations omitted). "Our scope of review is limited to the record evidence from the speedy trial hearing and the findings of the lower court, reviewed in the light most favorable to the prevailing party." *Commonwealth v. Selenski*, 606 Pa. 51, 994 A.2d 1083, 1088 (2010) (citing *Solano*, 906 A.2d at 1186).

*Commonwealth v. Burno*, 154 A.3d 764, 793 (Pa. 2017). As this Court reiterated in *Commonwealth v. Moore*, 214 A.3d 244 (Pa. Super. 2019):

> Additionally, when considering the trial court's ruling, this Court is not permitted to ignore the dual purpose behind Rule 600. Rule 600 serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society. In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it. However, the administrative mandate of Rule 600 was not designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth.

So long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule 600 must be construed in a manner consistent with society's right to punish and deter crime. In considering these matters . . ., courts must carefully factor into the ultimate equation not only the prerogatives of the individual accused, but the collective right of the community to vigorous law enforcement as well.

*Id.* at 248 (quoting **Commonwealth v. Peterson**, 19 A.3d 1131, 1134–35 (Pa. Super. 2011) (*en banc*), *aff'd*, 44 A.3d 665 (Pa. 2012) (additional citation omitted)).

We first address Appellant's contention that the trial court did not hold a hearing on his Rule 600 motion for dismissal. Appellant's case was called for trial at the call of the list on Monday, November 4, 2019. That afternoon, Appellant filed his motion. Trial began on the morning of November 7, 2019. While no separate proceeding was scheduled, the transcript from November 7 confirms that the trial court heard argument on the motion prior to bringing a jury down. The rule requires that "[t]he judge shall conduct a hearing on the motion." Pa.R.Crim.P. 600(D)(1). The transcript reflects that the judge did conduct a hearing. We reject Appellant's suggestion that the court did not hold a hearing on his motion.

As for the merits of his motion, Appellant asserted that the adjusted run date for his case should be November 1, 2019. Motion for Dismissal, 11/4/19, at ¶ 24(b). During argument, Appellant's counsel argued that the six-day delay resulting from the magistrate judge's continuance (October 26 to November 1, 2018) was not excludable, nor was it excusable because the

- 6 -

Commonwealth did not demonstrate due diligence in bringing Appellant to trial. Notes of Testimony ("N.T."), 11/7/19, at 6. The court determined that "judicial delay is not the result of a lack of due diligence by the Commonwealth and constitutes excludable time" and, therefore, the six-day delay in the instant case "was outside the power of the Commonwealth and therefore excludable due to judicial delay." Rule 1925(a) Opinion, 4/27/20, at 9 (citing, *inter alia*, **Commonwealth v. Mills**, 162 A.3d 323, 325 (Pa. 2017); **Commonwealth v. Carter**, 204 A.3d 945, 948 (Pa. Super. 2019); **Commonwealth v. Bethea**, 185 A.3d 364, 372 (Pa. Super. 2018); **Commonwealth v. Trippett**, 932 A.2d 188, 198 (Pa. Super. 2007)).

In accordance with Pa.R.Crim.P. 600(A)(2)(a), it was required that Appellant's trial commence within 365 days from the date on which the criminal complaint was filed against him. Rule 600(C)(1) provides that "[f]or purposes of paragraph (A), periods of delay at any stage of the proceedings **caused by the Commonwealth** when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. **Any other periods shall be excluded from the computation**." Pa.R.Crim.P. 600(C)(1) (emphasis added). Here, it is clear that the six days of delay resulted solely from the magistrate judge's continuance of the preliminary hearing and were not "caused by the Commonwealth." Under the plain language of Rule 600(C)(1), that six-day period "shall be excluded from the computation." Due diligence is not at

issue.[1]  Excluding those six days, Appellant was brought to trial within the allowable period.  We find no abuse of discretion on the part of the trial court in denying Appellant's motion for dismissal.  Appellant's first issue fails for lack of merit.

In his second issue, Appellant contends the evidence was insufficient to support his conviction of aggravated assault under 18 Pa.C.S.A. § 2702(a)(4). As this Court has explained:

> Our standard of review regarding challenges to the sufficiency of the Commonwealth's case is well settled.  "In reviewing the sufficiency of the evidence, we consider whether the evidence presented at trial, and all reasonable inferences drawn therefrom, viewed in a light most favorable to the Commonwealth as the verdict winner, support the jury's verdict beyond a reasonable doubt."  **Commonwealth v. Patterson**, [625 Pa. 104], 91 A.3d 55, 66 (2014) (citation omitted).  "The Commonwealth can meet its burden by wholly circumstantial evidence and any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances."  **Commonwealth v. Watley**, 81 A.3d 108, 113 (Pa. Super. 2013) (*en banc*) (internal quotation marks and citation omitted), *appeal denied,* 95 A.3d 277 (Pa. 2014).  As an appellate court, we must review "the entire record . . . and all evidence actually received[.]"  **Id.**  "[T]he trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced is free to believe all, part or none of the evidence."

---

[1] Appellant attempts to distinguish "excludable delay" from "excusable delay," arguing the Commonwealth was required to prove due diligence.  Appellant's Brief at 17-18.  However, as noted above, and as the trial court observed, our Supreme Court and this Court have recognized judicial delays as excludable. Rule 1925(a) Opinion, 4/27/20, at 9 (citations omitted).  It is in the context of Rule 600(B) that "only periods of delay caused by the defendant shall be excluded from the computation of the length of time of any pretrial incarceration."  Pa.R.Crim.P. 600(C)(2).  Rule 600(A) is at issue in this case, not Rule 600(B), which relates to periods of pre-trial incarceration.

> ***Commonwealth v. Kearney***, 92 A.3d 51, 64 (Pa. Super. 2014) (citation omitted).  "Because evidentiary sufficiency is a question of law, our standard of review is *de novo* and our scope of review is plenary."  ***Commonwealth v. Diamond***, [623 Pa. 475], 83 A.3d 119, 126 (2013) (citation omitted).

***Commonwealth v. Brooker***, 103 A.3d 325, 330 (Pa. Super. 2014).

With respect to aggravated assault, Appellant was convicted under Section 2702 (a)(4), which provides that "[a] person is guilty of aggravated assault if he . . . attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon."  18 Pa.C.S.A. § 2702(a)(4).

Collier testified that Appellant came out of his apartment with the handgun at his side.  N.T., Trial, 11/7/19, at 82.  She walked to her car and he followed her.  ***Id.***  Because she "didn't know what he was capable of doing with that gun," she decided to get in her car and leave.  ***Id.***  As she was getting into her car, she heard a gunshot.  ***Id.*** at 83.  Her back was to Appellant at the time.  When she arrived home, she discovered that the shot fired by Appellant hit and entered her car.  ***Id.***

Based on our review of the record, we find the evidence, viewed in a light most favorable to the Commonwealth as verdict winner, supports the jury's verdict beyond a reasonable doubt.  Initially, we note the handgun discharged by Appellant constitutes a "deadly weapon."  ***See*** 18 Pa.C.S.A. § 2301 (defining a deadly weapon as, *inter alia*, "[a]ny firearm, whether loaded or unloaded").  Moreover, the evidence, even if circumstantial, was sufficient to support a finding that Appellant attempted to cause bodily injury

to Collier when he fired the gun in her direction as she was getting into her car to leave. As the trial court observed, the jury was "free to interpret Appellant's conduct, including coming out of his home with a gun and then shooting the gun at Collier's vehicle while she was inside of it, as circumstantial evidence of intent." Rule 1925(a) Opinion, 4/27/20, at 12. Appellant's sufficiency of the evidence argument fails.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/16/2020